**Gladys L. COK**

v.

**Leo COK.**

**Nos. 84–585–Appeal, 86–176–Appeal and 87–155–Appeal.**

Supreme Court of Rhode Island.

Nov. 17, 1987.

Gladys L. Cok, pro se.

Leo Cok pro se.

Louis Cosentino, Providence, Guardian Ad Litem.

Allen M. Kirshenbaum, Comm'r., Warwick.

## OPINION

PER CURIAM.

These matters are before the Supreme Court on an order consolidating them and placing them on the show-cause calendar for argument.

In an interlocutory judgment Gladys Cok, Ph.D., and Leo Cok, M.D., were granted an absolute divorce based on irreconcilable differences following a protracted hearing in Family Court. Both parties appealed to this court. The Family Court proceeding was fully examined and discussed in our opinion in *Cok v. Cok*, 479 A.2d 1184 (R.I.1984). In that appeal and in the matters now before us the parties have appeared without counsel.

Before the court at this time are, by Gladys Cok's own count, eighteen appeals by her from various actions and orders of the Family Court. Leo Cok presented oral argument on one issue and an attorney on his behalf submitted a memorandum and argued a separate issue.

■ We have reviewed in detail, the issues raised by Gladys Cok and we are of the opinion that all of them are blatantly frivolous. What we have here are attempts to appeal from orders that are interlocutory and efforts to relitigate matters already decided in this court's opinion on the original appeal. Also, Gladys Cok continues to argue matters that have been finally adjudicated and which are not now before this court for review. An example of this last category is her relentless insistence that the Family Court had lost jurisdiction over this case as a result of her attempt at removal of the case to the United States District Court for the District of Rhode Island under 28 U.S.C.A. § 1441 (1973).[1] In a written decision and order, the United States District Court judge set forth in detail the reasons why this case was not removable. He ruled that the subject-matter jurisdiction of the Federal Court was never invoked, and he stated specifically that Gladys Cok's filings in the Federal Court were legally insufficient to effect removal. That decision and order became final when the United States Court of Appeals for the First Circuit ruled that it was not reviewable. Nevertheless, Gladys Cok continues to insist that the Family Court had lost jurisdiction. She asserts again and again that the appointment of a commissioner to sell certain real estate owned by these irrevocably estranged parties was void for lack of jurisdiction. The fact is that the Family Court at no time lost jurisdiction. Furthermore, we confirm the appointment of the commissioner to act under the direction of the Family Court in these matters. Another source of Gladys Cok's appeals is her insistence on a right to jury trial in these matters, all of which are ancillary to divorce proceedings, in which trial by jury has never been afforded.

We would point out to Gladys Cok that this court does not intend to entertain repeated, continuous, and frivolous appeals from every decision of the Family Court simply because she disagrees or disapproves of each one. The judicial officers of the state and the administrative personnel of our courts try at all times to be as helpful with and as understanding as possible of the procedural problems faced by pro se litigants. However, this policy of procedural leniency has its limits. We will not permit persons who abuse that policy to harass our personnel or monopolize their time with issues that are utterly without merit.

Leo Cok, like his former wife, continues to argue against the approval of a report and bill for services rendered by the guardian ad litem who was appointed by the Family Court for the minor child of the parties. In *Cok v. Cok*, 479 A.2d at 1190, this court approved the appointment of the

---

1. Since only a defendant may remove a case, Gladys Cok, plaintiff in these proceedings, conveniently reversed the caption of the Family Court case in order to qualify as a defendant or respondent before the Federal Court.

guardian ad litem. We found that the action of the parties more than justified the appointment. We conceded that these appointments might well have made the cost of this litigation a heavier burden for the parties. However, we found that "[t]he stubbornness and unwillingness either to compromise or to cooperate on the part of the parties * * * have indeed been expensive, not only in fees paid to counsel, but also in additional fees to the guardian ad litem and the conservator as well. For this expense the parties have no one to blame but themselves." *Id.* We are still of that opinion.

■ The final issue, one briefed and argued by counsel for Leo Cok, may have merit. After the hearing on the cross-petitions for divorce, the Family Court awarded both parties joint custody of the minor child with physical possession to Gladys Cok. That judgment also assigned the marital domicile to her so that she, as the custodial parent, would have the use of that residence free and clear of any encumbrances. This was done, in part, to provide a secure and acceptable setting in which the child could be raised and to enable the mother "to sufficiently maintain herself and the child with her income and the child support presently ordered."

However, in December of 1985 a justice of the Family Court, after hearing, awarded custody and physical possession of the minor child to the father. And, to effectuate the child's wishes fully, the court awarded physical possession of the marital domicile to Leo Cok so that the child could live in what was his home in his father's custody.

Later, in an order dated March 14, 1986, another judge of the Family Court vacated the earlier order awarding posession of the marital domicile to Leo Cok for the benefit of the child. This judge stated that the court had no further jurisdiction over the marital domicile that had been conveyed to Gladys Cok by a commissioner appointed by the court pursuant to the original divorce decree.

Counsel for Leo Cok cites G.L. 1956 (1985 Reenactment) § 8-10-3 which pro-

vides in part that the Family Court could hear and determine

"other matters arising out of petitions and motions relative to real and personal property in aid thereof * * * and such other equitable matters arising out of the family relationship, wherein jurisdiction is acquired by the court by the filing of petitions for divorce."

Consequently, he argues, the Family Court justice was in error in concluding that property once assigned under G.L. 1956 (1981 Reenactment) § 15-5-16.1, as amended by P.L. 1982, ch. 403, § 1 is not subject to the jurisdiction of the court when changed circumstances necessitate that the property be made available for use of a child of the parties and the new custodial parent. Since we conclude that the trial justice who denied Leo Cok's motion to require Gladys Cok to vacate the premises may have based his decision on an error of law, we sustain Leo Cok's appeal on that issue and vacate the order denying Leo Cok's motion to vacate and remand that issue to the Family Court for reconsideration. All other appeals are denied and dismissed, and the papers of this case are remanded to the Family Court for further proceedings.

FAY, C.J., and MURRAY, J., did not participate.