**Gladys COK**

v.

**Leo COK.**

**Nos. 88–109–A, 88–267–A.**

Supreme Court of Rhode Island.

May 9, 1989.

Gladys Cok, pro se.

Leo Cok, pro se.

Cathy Lamarca Gibson, Riverside, for Ray Reedy, Inc., for defendant.

Allen M. Kirshenbaum, Commissioner, Warwick.

## OPINION

WEISBERGER, Justice.

This case comes before us on the consolidated appeals filed by Dr. Gladys Cok (plaintiff). Although Dr. Leo Cok (defendant) did not file an appeal from any of the orders of which the plaintiff complains, he has filed a motion before this court and was permitted to argue in support thereof. Allen Kirshenbaum, who was appointed commissioner by the Family Court, made an oral report before us concerning his sale of certain properties pursuant to court order. He supplemented this oral report with a written account of these sales, expenses incident thereto, and net proceeds. The plaintiff in support of her consolidated appeals argued in respect to a number of issues that have been previously decided by this court in *Cok v. Cok*, 533 A.2d 534 (R.I.1987) (*Cok II*), and *Cok v. Cok*, 479 A.2d 1184 (R.I.1984) (*Cok I*). It is not our intention to respond again to issues that have already been decided. This opinion will deal only with those issues that have been raised on these appeals for the first time. Necessary facts will be supplied in regard to each issue.

### I

### THE SUPPORT ORDER

As we noted in our earlier opinion, a justice of the Family Court had transferred physical custody of the minor child of the parties (Igor Cok) to the father, Dr. Leo Cok, in December of 1985. We also authorized the transfer of physical possession of the marital domicile to defendant in order that the child might reside in that domicile, which had been his home. Subsequently, on January 20, 1988, defendant filed a motion for child support.

After a hearing, a justice of the Family Court determined that plaintiff's earnings and income amount to one-half of the earnings and income of her former husband. The trial justice found that the minor child required the sum of $200 per week for his support. He therefore ordered the mother to pay $66 per week toward this support.

The mother appealed from this order March 10, 1988.[1]

■ We are of the opinion that this order was based upon competent evidence, considering the record as a whole, and was well within the discretionary power of a justice of the Family Court to issue. However, even more significant to our decision on this issue is the fact that such an order modifying payments of child support is not appealable. General Laws 1956 (1981 Re-enactment) § 14-1-52(b) as amended by P.L.1981, ch. 329, § 1, provides in pertinent part:

"Every person aggrieved by any decree, judgment, order, decision or verdict of the family court relating to modification of alimony or of child support, or a finding of contempt for failure to pay alimony or child support may, within twenty (20) days after entry of such decree, judgment, order, decision or verdict, seek review of questions of law in the supreme court by petition for writ of certiorari in accordance with the procedure contained herein."

The section goes on to provide that review of such orders will be discretionary with the court. In the instant case, plaintiff did not file a petition for certiorari but filed an appeal as of right. Consequently this issue is not properly before this court. Her appeal on this issue must be denied.

II

THE COVENTRY LIS PENDENS

On January 8, 1988, a justice of the Family Court authorized the commissioner to sell two lots owned by the parties, located in the town of Coventry. This sale was in general implementation of the initial order of the Family Court that "[t]he balance of the real estate owned by the husband and wife was ordered to be sold and the proceeds divided equally between the parties after the payment of all outstanding mortgages, liens, and encumbrances." *Cok I,* 479 A.2d at 1187. After an appraisal of

this property had been obtained by the commissioner, he offered these two lots to plaintiff. She declined to purchase them. Thereafter, the commissioner proceeded to enter into an agreement for the sale of these lots to Ray Reedy, Inc., who had offered to purchase the lots at the appraised price. For reasons that are not readily explainable, plaintiff filed a complaint together with a notice of lis pendens in order to block this sale. The prospective buyer moved to intervene in the proceedings and requested the Family Court to discharge the lis pendens. A justice of the Family Court granted this motion and discharged the lis pendens. The plaintiff appealed from this order on May 11, 1988.

■ Documents filed by plaintiff in the appendix to one of her briefs indicate that the commissioner offered the Coventry lots to plaintiff and, indeed, prepared a form of contract to be signed by her. The commissioner reported that plaintiff declined to purchase the lots or even to purchase one of them because she was unable to afford the purchase price. The plaintiff furnishes us with no evidentiary basis in support of her filing of a notice of lis pendens. Since a justice of the Family Court discharged this filing, the burden of persuasion is upon plaintiff to show wherein this ruling was erroneous. She has completely failed to sustain this burden of persuasion. She gives no reason why she would be entitled to prevent a sale by a commissioner appointed by the Family Court and whose appointment was specifically affirmed by this court in *Cok II,* 533 A.2d at 535. We have recently stated that the filing of a notice of lis pendens based upon a nonexistent or frivolous claim may constitute an abuse of process and malicious use of court process. *DeLeo v. Anthony A. Nunes, Inc.,* 546 A.2d 1344, 1347 (R.I.1988). On this record plaintiff has shown no reason to support her attempting to block the commissioner's sale for the price ($27,500 per lot) at which the lots had been previously offered to her. Conse-

---

1. We are aware from the record that the minor child of the parties, Igor Cok, may have reached his eighteenth birthday. This fact, however,

does not moot the issue of plaintiff's responsibility for prior payments that have become due and owing but which have not been made.

quently we can only conclude (since the transcript sets forth merely tumultuous confusion) that she did not adequately support her complaint before the trial justice as she has not supported it here. As a result her challenge to this order has not been sustained and her appeal on this issue must be denied.

### III

### THE PARTIAL DISTRIBUTION TO DEFENDANT

A justice of the Family Court authorized the commissioner to sell various properties owned by the parties. One of these properties was located at 1069 Greenwich Avenue, Warwick, Rhode Island. The plaintiff was permitted to purchase this property for one-half of its market value. The Family Court justice authorized plaintiff to purchase the property for $79,450 plus the sum of $20,000, all of which would be paid into the registry of the court. The additional sum of $20,000 was designated as a contingency fund for the payment of costs and legal expenses made necessary by the constant confrontational litigiousness of these parties.

A second piece of property was located at 176–178 Bartlett Avenue in the city of Providence. This property was appraised at a market value of $145,000, and plaintiff was authorized to purchase this property for one-half its market value plus an additional $20,000 to be utilized for fees and expenses. The plaintiff purchased both of these properties pursuant to the court order February 4, 1988, and the sums as ordered were paid into the registry of the Family Court. The Family Court order further provided that defendant should be allowed to withdraw from the registry in regard to each property an amount equal to one-half the sale price less the sum of $20,000 to be retained for fees and expenses. It was the intention of the Family Court justice that in the event that plaintiff purchased both properties, there would be a sum of $80,000 retained in the registry of the Family Court to cover the fees and expenses of appraisers and court-appointed officials.[2]

On March 1, 1988, the commissioner sought instructions from a Family Court justice regarding disbursement of a share of the proceeds of these sales to defendant. The justice authorized a partial distribution to defendant of $74,098.55. The plaintiff appealed from this order. She has utterly failed to persuade us that this order of distribution was improper. Clearly defendant was entitled to one-half of the sale price of these properties, minus the $40,000 to be retained to cover legal expenses and costs. The sum distributed was well within this amount. Indeed, defendant may well ultimately be entitled to an additional distribution, after fees and expenses have been precisely ascertained. The plaintiff's appeal from this order is without merit.

### IV

### THE DEFENDANT'S MOTION SEEKING FURTHER DISBURSEMENT

Although the defendant has not filed an appeal from any of the orders of the Family Court, he asks this court by way of a motion to require the Family Court to order a further distribution. This request is not properly before us at this time. Without in any way suggesting whether the defendant may at some point be entitled to a further distribution of proceeds of sales of this and other properties formerly owned by him and the plaintiff, we do not have before us an appropriate procedural vehicle for deciding this issue. We are confident that if this extended litigation can be brought to a close, a full accounting will be made by the commissioner and the Family Court will distribute proceeds to both parties in accordance with equitable principles and the prior orders that have already been entered by the Family Court. The commissioner has informed

---

**2.** The fact that the Family Court order provided for a contingency fund for payment of fees and expenses in the amount of $80,000 does not mean that said sum will be expended save upon proper proof by those who seek reimbursement from said fund. On this record, we cannot say that the creation of such a fund is not justified in the circumstances of this case.

us that the properties owned by the parties in Warwick, Providence, Coventry, Florida, and New Hampshire have been sold either to the plaintiff or to third parties. Obviously it will be necessary for the Family Court to make distribution at the appropriate time of the net proceeds, after appropriate costs and expenses have been deducted. We have no reason to believe that this distribution will not be made with reasonable promptness if the parties permit the commissioner and the Family Court to proceed without harassment and needless obstructions.

For the reasons stated, the appeals filed by the plaintiff are hereby denied and dismissed. The defendant's motion is denied without prejudice. The orders entered by the Family Court are hereby affirmed. The papers in the case may be remanded to the Family Court for further proceedings.

FAY, C.J., did not participate.