915 F.2d 1557
 Unpublished Disposition
NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Antonia LARA, Plaintiff, Appellant,
v.
Judge Thomas FAY, Defendant, Appellee.
 No. 90-1089.
 United States Court of Appeals, First Circuit.
 Sept. 19, 1990.
 
 Appeal from the United States District Court for the District of Rhode Island Raymond J. Pettine, Senior District Judge.
 Antonia Lara on brief, pro se.
 Michael P. DeFanti and Hinckley, Allen, Snyder & Comen on brief, for appellee.
 D.R.I.
 AFFIRMED.
 Before BREYER, Chief Judge, and LEVIN H. CAMPBELL and CYR, Circuit Judges.
 PER CURIAM.
 
 
 1
 This appeal arises out of the aftermath of the divorce of the appellant's daughter, and the continuant post-divorce litigation in both state and federal court. The focus of concern is an order entered by Chief Justice Thomas Fay, then an Associate Justice of the Rhode Island Family Court, which awarded possession of the daughter's marital home to her ex-spouse. The appellant claims that the order violated her civil rights and caused pain, suffering, and property loss. She seeks to impose personal liability on Judge Fay for punitive and compensatory damages.
 
 
 2
 This is the relevant background. A 1982 interlocutory judgment of divorce, entered by Judge Fay, ordered, inter alia, that the marital home be conveyed to the appellant's daughter, Gladys Cok (Cok), who also became the physical custodian of the minor child. That conveyance was completed in August 1982. In July 1984, the Rhode Island Supreme Court affirmed the interlocutory divorce judgment with modifications only as to a counsel fee issue, and remanded to Family Court. Cok v. Cok, 479 A.2d 1184 (R.I.1984).
 
 
 3
 Subsequently, Judge Fay entered an order which, inter alia, granted exclusive use and possession of the marital home to the daughter's former husband who had assumed physical custody of the minor child, and ordered the wife "and any other persons ... tenanting that property [to] vacate the same forthwith." Cok v. Cok, No. K 79-0343, Order (R.I.Fam.Ct. Dec. 12, 1985) (the "December 1985 order"). This is the order which is the subject of the complaint. In March 1986 (the "March 1986 order"), Judge Fay vacated the December 1985 order finding that the Family Court had no jurisdiction over the property because it had been conveyed to the appellant, Antonia Lara, by Cok in December 1984. The court reaffirmed the 1982 assignment of the property to Cok as affirmed in 1984.
 
 
 4
 On appeal from the March 1986 order the Rhode Island Supreme Court considered, without express reference to Cok's 1984 conveyance to the appellant, whether or not the Family Court retained post-divorce jurisdiction over the property under R.I.G.L. Secs. 8-10-3 and 15-5-16.1 when changed circumstances necessitated the appointment of a new custodial parent and also, as here, implicated the marital domicile. The Supreme Court concluded that the March 1986 order reversing the December 1985 vacate order might have been based on an error of law. The March 1986 order was vacated and the case was remanded to the Family Court for reconsideration of the issue. Cok v. Cok, 533 A.2d 534, 536 (R.I.1987), cert. denied, 488 U.S. 801 (1988). A subsequent appeal, on unrelated issues, Cok v. Cok, 558 A.2d 205, 206 (R.I.1989), refers to the authorized transfer of physical possession of the marital domicile to Cok's former spouse in order that the minor child could continue to live there, but nothing in the record before us indicates what action the Family Court took on the possession issue upon remand.
 
 
 5
 In August 1989, the appellant filed this complaint under 42 U.S.C. Sec. 1983. In it she states that she lives in, as the record shows, the marital home. She asserts that despite the fact that she was not a party to any of her daughter's post-divorce litigation, she was put out of her house by the Warwick, Rhode Island Police Department pursuant to Judge Fay's December 1985 order. She claims that the unauthorized eviction caused her to become ill, requiring hospitalization, and that she was then "homeless" for three months, having to live with various friends over that period of time. Apparently Lara returned to her residence after Judge Fay's March 1986 order. Lara seeks compensatory and punitive damages for mental, physical, and emotional pain and suffering, and actual damage done to the property.
 
 
 6
 Judge Fay's answer denied that any action of the court was taken with knowing and intentional lack of jurisdiction, and sought dismissal based upon a statute of limitations bar, failure to state a claim, and lack of jurisdiction. Lara filed a cross-motion for summary judgment, but the district court dismissed the complaint with prejudice on judicial immunity grounds. We find no error and affirm.
 
 
 7
 The appellant's complaint, like the filings here and in the district court, is long on conclusions, argument and invective, and short on a sufficient substantive nexus between her alleged injuries and a viable federal claim, Fisher v. Flynn, 598 F.2d 663, 665 (1st Cir.1979), even less one that satisfies the liberal pleading requirements for pro se plaintiffs in Sec. 1983 actions. On appeal, Judge Fay argues, inter alia, that the district court was without jurisdiction to entertain Lara's complaint as it is nothing more than a thinly disguised attempt to appeal or relitigate matters regarding her daughter's marital property which have been fully litigated in the Rhode Island courts. Cf. 28 U.S.C. Sec. 1257. We need not reach that issue since we find that Judge Fay has absolute immunity for the judicial functions performed in issuing the December 1985 order. See Cok v. Cosentino, 876 F.2d 1, 2-3 (1st Cir.1989); Decher v. Hillsborough County Attorneys' Office, 845 F.2d 17, 21 (1st Cir.1988); Pushard v. Russell, 815 F.2d 1, 2 (1st Cir.1987), cert. denied, 485 U.S. 965 (1988). Lara argues, however, that Judge Fay's December 1985 order was entered in the clear absence of all jurisdiction, Stump v. Sparkman, 435 U.S. 349, 356-57 (1978), as evidenced by Judge Fay's March 1986 order which vacated the December 1985 order on jurisdictional grounds. Lara fails to mention or appreciate that the Rhode Island Supreme Court's later opinion, vacating Judge Fay's March order and ordering a remand for reconsideration of the possession issue, recognized the jurisdiction of the Family Court to enter the December 1985 order. Cok v. Cok, 533 A.2d at 536. That decision confirms that Judge Fay acted within the scope of the protections afforded by absolute judicial immunity. See Cok v. Cosentino, 876 F.2d at 2-3. Further, most judicial mistakes can be corrected by the "ordinary mechanisms of review." Forrester v. White, 484 U.S. 219, 227-28 (1988). Here, the alleged judicial error did have the benefit of appellate review in Rhode Island. As the United States Supreme Court recently reiterated: "Against the consequences of [judges'] erroneous or irregular action, from whatever motives proceeding, the law has provided for private parties numerous remedies, and to those remedies they must, in such cases, resort." Id. at 228, quoting Bradley v. Fisher, 13 Wall 335, 354 (1872).
 
 
 8
 We affirm the district court's dismissal of appellant's Sec. 1983 complaint which, in light of all the prior litigation, we consider to be particularly unmeritorious, and warn that future frivolous appeals may be subject to sanctions. Fed.R.App.P. 38.
 
 
 9
 Affirmed.