Gladys COK,

v.

Leo COK.

No. 92–483–Appeal.

Supreme Court of Rhode Island.

June 8, 1993.

Gladys Cok, pro se.

Allen Kirshenbaum, Commissioner, Warwick.

OPINION

PER CURIAM.

The plaintiff, Dr. Gladys Cok, has appealed pro se from an order of the Family Court that awarded certain fees to a commissioner appointed by the Family Court to dispose of marital assets and further ordered disposition of proceeds held in the registry of the Family Court. Two detailed orders of a justice of the Family Court were entered on September 25, 1992.

The trial justice, *inter alia*, awarded the commissioner a fee of $100,000 and deducted therefrom the sum of $15,000 that had earlier been paid to him. The fee was based upon hourly services performed over a period of seven years. The trial justice also awarded the commissioner expenses in the amount of $1,453.74. Of the fees and expenses awarded to the commissioner the trial justice ordered that 80 percent should be payable by Gladys Cok and 20 percent to be payable by her former husband, Dr. Leo Cok.

█ In challenging the award and distribution, Gladys Cok again asserts her argument that the Family Court had no jurisdiction over these matters since she had purportedly removed the case to the federal court. We already addressed this argument in our opinion in *Cok v. Cok*, 533 A.2d 534 (R.I.1987), wherein we made the following statement.

"Also, Gladys Cok continues to argue matters that have been finally adjudicated and which are not now before this court for review. An example of this last category is her relentless insistence that the Family Court had lost jurisdiction over this case as a result of her attempt at removal of the case to the United States District Court for the District of Rhode Island under 28 U.S.C.A. § 1441 (1973). In a written decision and order, the United States District Court judge set forth in detail the reasons why this case was not removable. He ruled that the subject-matter jurisdiction of the Federal Court was never invoked, and he stated specifically that Gladys Cok's filings in the Federal Court were legally insufficient to effect removal. That decision and order became final when the United States Court of Appeals for the First Circuit ruled that it was not review-

able. Nevertheless, Gladys Cok continues to insist that the Family Court had lost jurisdiction. She asserts again and again that the appointment of a commissioner to sell certain real estate owned by these irrevocably estranged parties was void for lack of jurisdiction. The fact is that the Family Court at no time lost jurisdiction. Furthermore, we confirm the appointment of the commissioner to act under the direction of the Family Court in these matters." 533 A.2d at 535.

The principles expressed in our former opinion are equally applicable to plaintiff's position in the instant controversy. Any comment that this court made in *Cavanagh v. Cavanagh*, 119 R.I. 479, 380 A.2d 964 (1977), is not controlling in respect to the case at bar. The plaintiff's purported removal of a case to the Federal District Court was without the slightest color of right or merit. As we pointed out in our previous opinion, only a defendant may remove a case from a state court to a federal court. However, Gladys Cok, who was a plaintiff at all times in these divorce proceedings, reversed the caption of the Family Court case in order to qualify as a defendant before the federal court. This transparent device was obviously ineffective. Her argument that the Family Court lost jurisdiction is without merit.

■ Although she has not challenged the trial justice's order on its merits, we have examined the very detailed orders entered in this case and find that they are adequately supported by the accounting submitted by the commissioner. The persistent opposition to every order entered in the Family Court (including interlocutory appeals) by the plaintiff obviously made the time to be spent by the commissioner far greater than it would have been without such opposition. We conclude that the award of fees and expenses made by the trial justice, as well as his allocation between the plaintiff and the defendant, was amply justified by the evidence and documents presented to him.

For the reasons stated, the plaintiff's appeal is denied and dismissed. The orders entered by the Family Court are affirmed. The papers in the case may be remanded to the Family Court.

FAY, C.J., did not participate.