**Dr. Gladys COK, Court Watchers of Rhode Island (an Association)**

v.

**Michael FORTE, Justice of a Family Court in Rhode Island, a State Court.**

Civ. A. No. 94–0376P.

United States District Court, D. Rhode Island.

Feb. 3, 1995.

---

Gladys L. Cok, pro se.

Office of the Atty. Gen., Appellate Div. by Richard B. Woolley, Asst. Atty. Gen., for defendant.

*ORDER*

PETTINE, Senior District Judge.

The Report and Recommendation of United States Magistrate Judge Robert W. Lovegreen filed on December 19, 1994 in the above-captioned matter is hereby accepted pursuant to 28 U.S.C. § 636(b)(1). I especially note the recommendation for the issuance of the narrow injunction as worded in the Report and Recommendation. I find that it is entirely appropriate and comports with the teachings of *Procup v. Strickland,* 792 F.2d 1069 (11th Cir.1986); *Cok v. Family Court of Rhode Island,* 985 F.2d 32, 36 (1st Cir.1993).

SO ORDERED.

*REPORT AND RECOMMENDATION*

LOVEGREEN, United States Magistrate Judge.

Before me are the defendant's motion to dismiss pursuant to F.R.Civ.P. 12(b)(1) (lack of subject matter jurisdiction) and 12(b)(6) (failure to state a claim upon which relief can be granted) and motion for injunctive relief. Although the defendant does not so state, he presumably seeks injunctive relief pursuant to F.R.Civ.P. 65 or calls upon this Court to use its discretionary powers to regulate the conduct of litigants appearing before this Court. *See Castro v. United States,* 775 F.2d 399, 408 (1st Cir.1985).

Although plaintiffs have filed numerous motions, I do not find it necessary to address them at this time. These matters have been referred to me for preliminary review, findings and recommended disposition. 28 U.S.C. § 636(b)(1)(B). Based on the following analysis I recommend that defendant's motion to dismiss be granted and his motion for injunctive relief be granted as to plaintiff Cok as narrowly stated herein.

*Background*

This matter has had a long and tortuous journey through the State and Federal Courts via litigation involving a divorce between plaintiff, Gladys Cok ("Cok"), and her ex-husband, Leo Cok. This litigation has spilled over to involve appellate review of

various Rhode Island Family Court ("Family Court") orders, actions of a guardian ad litem and a conservator of the real estate, and actions of certain Family Court judges. These same issues have overflowed into the federal judicial system on past occasions involving the United States District Court for the District of Rhode Island and the United States Court of Appeals for the First Circuit.

A review of the reported cases discloses that Gladys Cok and Leo Cok were married on March 28, 1958. Although the marriage lasted twenty-three years, it was not a happy and joyous union. Plaintiff, Gladys Cok, filed a petition for divorce, and the parties were divorced in 1982 after proceedings in the Family Court extended over a 26 month period. The trial justice hearing the wife's divorce petition and the husband's counterclaim granted the divorce on the ground of irreconcilable differences. Provision was made for joint custody of the one child born to this union, and the marital domicile was granted free and clear to the wife. Major difficulties surfaced regarding the distribution of real estate owned by the Coks jointly. This real estate was ordered sold and the proceeds divided equally between the parties. Due to the "contumacious and completely uncooperative attitude of both parties", *Cok v. Cok*, 479 A.2d 1184, 1187 (R.I.1984), the trial justice appointed a guardian ad litem and a conservator of assets to safeguard the properties and to see that the Court's orders were followed. The reasonable fees of these appointees would be paid from the proceeds of the sales of real estate. Other provisions were made but are not pertinent here. Both parties appealed, and the Rhode Island Supreme Court affirmed with one modification not here relevant.

The battle then switched to this Court when plaintiff attempted to remove the case from the Family Court to this Court. Plaintiff was then opposing a fee for the guardian ad litem and attempts by the conservator to sell certain properties. The district judge found the case unremovable and remanded the matter to Family Court. Plaintiff appealed, which appeal was summarily dismissed by the First Circuit. *Cok v. Cosenti-*

*no*, No. 85–1058, slip op. (1st Cir. May 1, 1985).

The next skirmish occurred in the Rhode Island Supreme Court which was asked to hear 18 appeals brought by plaintiff concerning various actions and orders of the Family Court. *Cok v. Cok*, 533 A.2d 534 (R.I.1987), *appeal dismissed, cert. denied*, 488 U.S. 801, 109 S.Ct. 30, 102 L.Ed.2d 10 (1988). The Court found the appeals "blatantly frivolous," *id.* at 535, as the orders were interlocutory and other appeals attempted to relitigate what was decided in the first appeal. Most importantly, however, the Supreme Court referenced plaintiff's attempt to remove the case from the Family Court to the United States District Court. The Supreme Court noted that the United States District Court judge ruled that the case was not removable, that subject matter jurisdiction of the Federal Court was never involved, and that plaintiff's filings in the Federal Court were legally insufficient to effect removal.

*Id.* The Supreme Court stated:

> The fact is that the Family Court at no time lost jurisdiction.

*Id.*

The Supreme Court confirmed the appointment of the commissioner to sell the parties' properties. *Id.*

The struggle did not cease and 1989 was a very bad year for plaintiff. The Supreme Court heard and denied appeals by plaintiff on a Family Court order requiring her to pay child support, an order discharging a *lis pendens* plaintiff placed on certain real estate in Coventry, Rhode Island sold by the appointed commissioner, and an order granting distribution of certain funds in the Family Court registry to plaintiff's ex-husband. *Cok v. Cok*, 558 A.2d 205 (R.I.1989).

The First Circuit was equally inhospitable. Plaintiff filed a complaint pursuant to 42 U.S.C. § 1983 in the United States District Court against the Family Court judge who granted the divorce and who appointed the guardian ad litem and the conservator, as well as against the guardian ad litem and the conservator. Plaintiff alleged that certain of her constitutional rights were violated by these defendants and accused them of perju-

ry, extortion, criminal conspiracy and racketeering. The District Judge dismissed the complaint for failure to state a claim, and the First Circuit affirmed, *Cok v. Cosentino*, 876 F.2d 1 (1st Cir.1989), holding that the Family Court judge was entitled to absolute immunity and the guardian ad litem and conservator, because they were involved in the adjudicative process, were also entitled to absolute immunity.

*Id.* at 3.

Plaintiff's faith in her position remained unshaken. However, the year 1993 dealt her additional blows. When the guardian ad litem moved in Family Court to collect a fee for his services and the conservator attempted to sell properties allegedly owned by her, plaintiff again removed the case to the United States District court. The district judge remanded the matter to Family Court. In addition to the remand order, the district court entered an injunction, *sua sponte*, enjoining Cok "from attempting the *pro se* removal of any matter from the family court, or from filing any *pro se* actions in district court, without the prior approval of a judge of the court, and entered an order to that effect." *Cok v. Family Court of Rhode Island*, 985 F.2d 32, 34 (1st Cir.1993).

Plaintiff appealed to the First Circuit which stated: "Cok's contentions, while characterized in terms of preemption and federalism, revolve, at bottom, around her continuing objections to family court orders doling out her money to various persons whom she considers unworthy and corrupt." *Id.* at 33. The First Circuit held that it had no jurisdiction to review the remand order. *Id.* at 34. However, it vacated the injunction as overly broad and because Cok was not warned or given notice of the restrictions or provided an opportunity to respond before the injunction entered. *Id.* at 35. Nevertheless, the First Circuit went on to state:

> Had the court, after notice and opportunity to respond, merely enjoined Cok from further frivolous removals from the family court, we would have doubtless approved. The present record supports such a limited order. We have not hesitated to uphold

injunctions that were narrowly drawn to counter the specific offending conduct.

*Id.* at 36 (citations omitted).

Plaintiff also appealed to the Rhode Island Supreme Court a Family Court order awarding the commissioner a fee to be paid out of proceeds from the sale of the Coks' real property which were held in the registry of the Family Court. *Cok v. Cok*, 626 A.2d 193 (R.I.1993). Plaintiff argued again to the Supreme Court that the Family Court had no jurisdiction over these matters as the case had been removed to the Federal Court. The Supreme Court once again pointed out that this issue was previously addressed, *Cok v. Cok*, 533 A.2d at 535, and that at no time did the Family court lose jurisdiction, because the removal was "without the slightest color of right or merit." 626 A.2d at 194. The court dismissed plaintiff's appeal. *Id.*

Buoyed by her "victory" in the First Circuit concerning the injunction, plaintiff's substantial passion for litigation remained unabated. Plaintiff commenced this action on July 15, 1994 by filing a complaint against this defendant, a justice of the Family Court. The complaint is nine pages in length and is entitled "Complaint for Declaratory Relief on a Case and Controversy Involving the Question of the Supremacy Clause vs. the 10th Amendment to the Federal Constitution (the sum in question $265,000)." A reading of the complaint is an extremely arduous task as it is rambling, inarticulate and a re-hash of many previously litigated and decided legal and factual issues. The complaint is advanced not only by plaintiff, Gladys Cok, but also by an association known as Court Watchers of Rhode Island ("Court Watchers"). After my experience with this matter, I can only advise this association that they should listen to as well as watch the courts. Initially, plaintiffs dismiss the concept of judicial immunity "which even a third grader would laugh at and scorn." (Compl., ¶ 2.) The complaint, in vitriolic fashion, charges: that this defendant and other state judges engaged in a feeding frenzy as to Cok's funds deposited in the registry of the Family Court; that this defendant refused to acknowledge the supremacy of the federal courts when he continued to issue orders

after the matter was removed from the Family Court; and that this defendant and other state judges were engaged in actions to deprive Cok of funds belonging to her. As relief, plaintiffs seek: (1) "a declaratory judgment that once a case is docketed and removed, the jurisdiction of the Family court is transferred to the federal court"; (2) a "declaratory judgment that judges in Rhode Island do not enjoy the common law doctrine of Judicial Immunity that sets them above the Constitution and the laws pursuant to it"; and (3) "a declaratory judgment that the actions taken while the case was on removal was [sic] and is [sic] Void—not Voidable." (Compl. at 9).

In essence, plaintiffs refuse to accept or fail to comprehend the numerous decisions of the First Circuit and the Rhode Island Supreme Court. Plaintiffs are still pressing the argument that removal of a matter from the Family Court, albeit totally without justification or merit, divests the Family Court of any and all jurisdiction to take any action on or make any order regarding that matter during the time the matter is removed. As the plaintiffs put it:

> Plaintiff's argument is that since 1803 when Chief Justice Marshall in Marbury v. Madison established that the Supremacy clause of Article 6, paragraph 2 of the U.S. Constitution established that a part of federalism is that the federal Constitution and federal law preempts state law and state sovereignty, and that part of federalism is that once a matter is removed from the state court to a federal court, the jurisdiction of the state court is lost, and the case's jurisdiction is transferred to the federal jurisdiction and court.

(Compl. at 5).

### Discussion

#### A. Court Watchers of Rhode Island (an Association)

■ I believe Court Watchers should be summarily dismissed as a plaintiff in this matter as it has no standing. While the complaint does not describe just what Court Watchers is, various pleadings (not the complaint) are signed by Rev. Gerald Gordon, Chaplain, Court Watchers of R.I. At oral argument in this matter, Court Watchers was described as a group of Rhode Island citizens interested in promoting a better and fairer judicial system. There appears to be a connection between Court Watchers and the People's Law School, located in East Providence, Rhode Island but unaccredited. Rev. Gordon, although he is neither trained in the law nor a member of any bar, professes to teach law at the People's Law School. It is absolutely clear that Court Watchers has no involvement as a party in the Cok divorce proceedings other than to champion Gladys Cok's various legal positions, nor has Court Watchers been injured as a result of any order, action or decision of any court involving this matter.

■ The constitutional minimum of standing contains three elements: (1) the plaintiff must have suffered a real injury—an invasion of a legally-protected interest which is (a) concrete and affects the plaintiff in a personal and individual way and (b) actual or imminent and not conjectural or hypothetical; (2) there must be a causal connection between the injury and the conduct complained of— not the result of independent action of a third party not before the court; and (3) it must be probable that the injury will be redressed by a favorable decision and not merely speculative. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561, 112 S.Ct. 2130, 2136, 119 L.Ed.2d 351 (1992). The burden of establishing these elements is on plaintiff. *Id.* Here, Court Watchers has not pleaded any injury nor can this association show any. No action, order or decision of the Family Court, the Rhode Island Supreme Court, the United States District Court for the District of Rhode Island or the United States Court of Appeals for the First Circuit addressing any portion of this matter has in any way affected or injured Court Watchers. Indeed, Court Watchers was not a party to any previous Cok–related litigation. Consequently, Court Watchers fails to meet even the very first element of standing. Therefore, I recommend that Court Watchers be summarily dismissed as a plaintiff in this matter.

#### B. Subject matter Jurisdiction, F.R.Civ.P. 12(b)(1).

■ These plaintiffs bring this matter pursuant to 42 U.S.C. § 1983, seeking re-

dress for certain deprivations of constitutional rights. Although plaintiffs request relief in the form of declaratory judgments, the complaint does not state it is brought pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. Even if the Declaratory Judgment Act was pleaded properly, it does not in itself provide subject matter jurisdiction, but simply provides a remedy for disputes already within the realm of federal jurisdiction. *Franchise Tax Bd. v. Constr. Laborers Vacation Trust,* 463 U.S. 1, 15–16, 103 S.Ct. 2841, 2849, 77 L.Ed.2d 420 (1983). Similarly, 42 U.S.C. § 1983 is a remedial statute and not a basis for jurisdiction. *Daigle v. Opelousas Health Care, Inc.,* 774 F.2d 1344, 1346–47 (5th Cir.1985). Thus, the only apparent jurisdictional basis for this action is 28 U.S.C. § 1331, federal question jurisdiction, which permits the federal courts to decide cases or controversies "arising under" the laws or Constitution of the United States. Plaintiffs would argue that there is a federal question here, which is federalism or supremacy of the federal court over the state Family Court.

Even if plaintiffs are correct in their assertion that federal question jurisdiction exists, the analysis of subject matter jurisdiction does not end. Also required by the Constitution is that there be a "case or controversy" which is "ripe" for adjudication. *See Aetna Life Ins. Co. v. Haworth,* 300 U.S. 227, 57 S.Ct. 461, 81 L.Ed. 617, *reh'g denied,* 300 U.S. 687, 57 S.Ct. 667, 81 L.Ed. 889 (1937). Here there is no case or controversy ripe for adjudication as the issue raised by the plaintiffs has previously been litigated and decided both in the Rhode Island Supreme Court and the First Circuit.

■ Collateral estoppel applies here. This doctrine bars relitigation of any issue that a party litigated in an earlier action; that was finally decided in the earlier action against that party; and the issue was essential to the earlier judgment. *DeCosta v. Viacom Intern., Inc.,* 981 F.2d 602, 605 (1st Cir.1992). Here, Cok previously litigated the issue of the federal court's jurisdiction over this matter upon removal and the lack of jurisdiction of the Family Court and this issue has been decided against Cok.

In *Cok v. Cok,* 533 A.2d at 535, the Rhode Island Supreme Court stated:

Also, Gladys Cok continues to argue matters that have been finally adjudicated and which are not now before this court for review. An example of this last category is her relentless insistence that the Family Court had lost jurisdiction over this case as a result of her attempt at removal of the case to the United States District Court for the District of Rhode Island under 28 U.S.C.A. § 1441 (1973). In a written decision and order, the United States District Court judge set forth in detail the reasons why this case was not removable. He ruled that the subject-matter jurisdiction of the Federal Court was never invoked, and he stated specifically that Gladys Cok's filings in the Federal Court were legally insufficient to effect removal. That decision and order became final when the United States Court of Appeals for the First Circuit ruled that it was not reviewable. Nevertheless, Gladys Cok continues to insist that the Family Court had lost jurisdiction. She asserts again and again that the appointment of a commissioner to sell certain real estate owned by these irrevocably estranged parties was void for lack of jurisdiction. The fact is that the Family Court at no time lost jurisdiction.

The First Circuit has also dealt with the removal issue as it noted in *Cok v. Family Court of Rhode Island,* 985 F.2d at 33 as follows:

After the court-appointed guardian ad litem had moved in the Family Court of Rhode Island to collect a fee for his services, and the conservator, on order of the court, had attempted to sell certain properties owned by Cok, Cok undertook to remove the case to the District Court for the District of Rhode Island. Finding the case unremovable, the district court remanded. We summarily dismissed Cok's appeal from that order under the authority of 28 U.S.C. § 1447(d). *Cok v. Cosentino,* No. 85–1058, slip op. (1st Cir. May 1, 1985).

Notwithstanding these decisions by appellate courts and that on two occasions plaintiff Cok has been rebuffed in attempting removal of this matter from the Family Court to the

United States District Court, plaintiff continues her quest for federalism or supremacy of the federal court over the Family Court. The issue remains the same; plaintiff merely changes the name of the defendant.

What plaintiff does not understand and/or refuses to comprehend, is that she never properly removed her case from the Family Court to the federal court. Removal is governed by 28 U.S.C. §§ 1441–1452. Under § 1441, plaintiff could not remove her divorce action to the federal court as a divorce matter is not included in the type of actions that can be removed, i.e., a civil action of which the district courts have original jurisdiction. Also, Cok was a plaintiff in the Family Court case and under § 1441, only a defendant may remove a case.

Section 1446(d) requires that defendant shall file a copy of the notice of removal with the clerk of the State court and that court "shall proceed no further unless and until the case is remanded." What is implicit in the removal statutes and what was expressed by the District Judge in his decision on the first attempted removal is, that for the federal court to obtain jurisdiction and the state court to lose jurisdiction, the removal must be proper and in accordance with the mandates of the removal statutes. That was never accomplished here; neither removal by Cok was proper nor in accordance with the removal statutes. Plaintiff Cok appears unable or unwilling to grasp this concept which has been previously decided against her. Nevertheless, plaintiff has had more than her day in court on this issue and she is bound by the decisions thereon. Because those decisions definitively and finally decided this issue, it no longer presents a live case or contrary ripe for adjudication. Consequently, the defendant's motion to dismiss pursuant to F.R.Civ.P. 12(b)(1) (lack of subject matter jurisdiction) should be granted.

C. *Failure to State a Claim Upon Which Relief Can be Granted, F.R.Civ.P. 12(b)(6).*

 When considering a motion to dismiss under Fed.R.Civ.P. 12(b)(6), the Court must accept all the facts pleaded as true and construe those facts in the light most favorable to the nonmoving party. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *Knight v. Mills,* 836 F.2d 659, 664 (1st Cir.1987). A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt from the pleadings that the party opposing the motion can prove no set of facts which would support a claim for relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957); *Melo–Tone Vending, Inc., v. United States,* 666 F.2d 687, 688 (1st Cir.1981).

The complaint seeks relief against a State court judge concerning actions taken by the judge in issuing certain orders affecting Cok and funds in the registry of the Family Court which Cok identifies as belonging to her.

This is not the first time that Cok has brought suit against a Family Court judge concerning actions taken in her divorce action. In *Cok v. Cosentino,* 876 F.2d 1, one of the defendants was Judge Edward Gallogly. In a very carefully analyzed and particularly written opinion, the First Circuit explained why Judge Gallogly was protected by absolute immunity from civil liability for any normal and routine judicial act. *Id.* at 2. The First Circuit relied on *Stump v. Sparkman,* 435 U.S. 349, 356–57, 98 S.Ct. 1099, 1104–05, 55 L.Ed.2d 331, *reh'g denied,* 436 U.S. 951, 98 S.Ct. 2862, 56 L.Ed.2d 795 (1978) and *Cleavinger v. Saxner,* 474 U.S. 193, 199–200, 106 S.Ct. 496, 499–500, 88 L.Ed.2d 507 (1985) for support. It is only when the judicial actions are "taken in the clear absence of all jurisdiction" that a judge will be deprived of absolute immunity. *Cok,* 876 F.2d at 2. Plaintiffs have failed to plead any absence of jurisdiction or that any of defendant's acts were not judicial in nature. The complaint, while naming many other judges both Federal and State, is directed only to Judge Forte and specifically, his actions in disbursing funds in the registry of the Family Court to compensate the commissioner appointed to sell real estate (Compl. ¶ 3D.) At all times, the complaint is directed to Judge Forte "as justice of a family court" (Compl. at p. 3), and "in his capacity as a Judge of the Family court" (Compl. at 4). None of the actions or orders of Judge Forte in this matter have

been reversed by the Rhode Island Supreme Court and it is not clear from this record whether plaintiff Cok has sought review thereof. Plaintiffs have not pleaded any facts to overcome judicial immunity for Judge Forte and he is entitled to absolute immunity.

Plaintiffs do attack the concept of judicial immunity by alleging that the "Court Watchers have spoken to a representative group of citizens who have agreed that under the federal interpretation of statutory construction where words mean what they mean, the words 'Every Person' as used in 17 Stat 13, the Ku Klux Klan Act of April 20, 1871 means 'every person'—*not every person but JUDGES!*" (Compl. at 2 (emphasis in original)). Notwithstanding this less than scholarly approach to the issue and plaintiffs' allegation that judicial immunity authorizes judges "to rob, scheme, scam, and make a mockery of justice", (Compl. ¶ 2), the United States Supreme Court has affirmed the concept of absolute immunity for judges when acting within their jurisdiction. *Stump v. Sparkman*, 435 U.S. 349, 98 S.Ct. 1099 and *Cleavinger v. Saxner*, 474 U.S. 193, 106 S.Ct. 496. Consequently, plaintiffs' opinions to the contrary, the concept of judicial immunity is alive and well and protects defendant in this matter. Therefore, I recommend that defendant's motion to dismiss pursuant to F.R.Civ.P. 12(b)(6) be granted.

### D. *Defendant's Motion for Injunctive Relief*

■ Defendant requests this Court to enjoin plaintiffs "from removing or attempting to remove any matters to the Federal Court based upon Gladys Cok's state court divorce proceedings, pro se, and also to enjoin said Plaintiffs, and each of them, from commencing any actions in this Court which arise from said state court divorce proceedings, pro se, without prior approval of this Court." (Def.'s Motion for Inj. Relief.) Defendant argues that, unless so enjoined, plaintiffs, or one of them, will continue to commence such litigation and continue to raise the same issues in a never ending string of frivolous lawsuits that merely harass defendant and other Family Court judges and appointees.

Plaintiffs see this in a different light. They talk about Cok's "10 years of sacrifice" in attempting to raise the doctrines of federalism and pre-emption to restrain members of the State Judiciary who otherwise will run amok. (Pls.' Obj. to Def.'s Mot. for Inj. Relief at 1.)

The First Circuit has previously addressed this issue in *Cok v. Family Court of Rhode Island*, 985 F.2d 32, 34–36. The First Circuit vacated an injunction, issued *sua sponte* by the district court, as too broad and without proper notice to Cok and without an opportunity to be heard. *Id.* Here, defendant has filed a motion for injunctive relief to which plaintiff Cok has filed a memorandum in objection and has had an opportunity to be heard.

There is no question that on two prior occasions, plaintiff Cok has improperly attempted removal of her divorce action from the Family Court to the Federal Court. Now Cok files this action seeking to re-litigate issues that have previously been decided. Plaintiff Cok declines to accept the finality of the decisions rendered by two appellate courts. The leniency extended by this Court to *pro se* litigants, and to Cok in particular, has its limits. This Court should not continue to permit Cok to file lawsuits seeking to re-litigate an issue (federalism) that has no relevance and where previous removals to Federal Court were found meritless and the matter remanded. I find that defendant has presented a sufficient basis for limited injunctive relief which would satisfy the parameters established by the First Circuit. *Cok*, 985 F.2d at 35–36.

Consequently, I recommend that plaintiff, Gladys Cok, be enjoined as follows:

> Plaintiff, Gladys Cok, acting *pro se*, is hereby enjoined from removing any matters to this Court from the Rhode Island Family Court which involve or are relevant to her divorce proceedings and is also enjoined from commencing any action in this Court, *pro se*, which action involves or is relevant to her divorce proceedings without prior approval of a Judge of this Court.

I am satisfied that without this injunction, plaintiff Cok will continue to burden and

harass this Court with unnecessary and meritless litigation involving issues that have previously been decided or as to which this Court lacks subject matter jurisdiction. Plaintiff has adequate opportunity for review of all Family Court orders and actions in the Rhode Island Supreme Court. Should plaintiff Cok, on that rarest of occasions, have a meritorious matter regarding her divorce action over which this Court has jurisdiction, then, with approval of this Court, she may proceed to litigate the matter herein. Plaintiff Cok retains the right and opportunity to file in this Court any litigation not related to her divorce action, and such litigation will be judged on its own merits. I recommend defendant's motion for injunctive relief be granted as to plaintiff Cok as stated.

### E. *Plaintiffs' Motions*

I do not address plaintiffs' various and sundry motions as I have recommended dismissal of this matter and plaintiffs' motions are frivolous. For example, plaintiffs have filed the following motions:

1. Motion for Injunction to Preserve Cok's Money

2. Motion that Plaintiffs Introduce this Matter or November 10, 1994 Rather than Defendant

3. Motion to Amend for the Purpose of Making Questions More Clear, and to Join the Motion to Dismiss Defendants Motion to Dismiss; Part of this Amendment

4. Motion the Attorney General Jeffrey Pine Should Be Representing Plaintiff and Not a Crooked, Corrupt and Corruptible Court and Judge

5. Motion to Compel Defendant to Prove His Allegations in the Light of All the Facts—Objection to the Kettle Calling the Pot "Blatantly Frivolous"

6. Motion and Memorandum That Attorney General Be On the Peoples Side, and Side with the Court Watchers Instead of With the Defendant

7. Motion That Judicial Notice Be Made That This is First Time Defendant Has Recognized the Supremacy Clause of the U.S. Constitution

8. Motion for Judicial Review That Under the Removal Statutes Mandated by Congress, Once a Matter is Removed From the State Court, Jurisdiction of the Case is Immediately Transferred From the State Court to the Federal Court

9. Motion for Judicial Notice—Motion to Dismiss Defendant's Motion to Dismiss

Having read these motions, even if called upon to decide them, I would deny them as having no merit and as frivolous.

### *Conclusion*

Based on the foregoing analysis, I recommend the defendant's motions to dismiss pursuant to F.R.Civ.P. 12(b)(1) and (6) be granted and that defendant's motion for injunctive relief be granted as to plaintiff Cok as narrowly stated.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within ten (10) days of its receipt.[1] Failure to file specific objections in a timely manner constitutes a waiver of the right to review by the district court.[2]

December 19, 1994.

---

1. Rule 32, Local Rules of Court; F.R.Civ.P. 72(b).

2. *United States v. Valencia–Copete*, 792 F.2d 4 (1st Cir.1986); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1st Cir.1980).