**Raymond P. HAMILTON,**
**Plaintiff–Appellant,**

v.

**Steven S. REED, et al., Defendants–**
**Appellees.**

**No. 01–5546.**

United States Court of Appeals,
Sixth Circuit.

Jan. 2, 2002.

Before SILER and BATCHELDER, Circuit Judges; HOOD, District Judge.*

### ORDER

Raymond P. Hamilton, a federal prisoner proceeding pro se, appeals a district court order dismissing his civil suit pursuant to the provisions of 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary relief and the initiation of criminal proceedings against the defendants, Hamilton filed a complaint against Steven S. Reed, Hancy Jones, III, Dean Furman, Kent Wicker, Jim Lesousky, Bart Adams, Tom Swicegood, Rick Hageman, and Donna Job. Adams and Swicegood are attorneys who represented Hamilton during his federal criminal prosecution for conspiracy to commit credit card fraud, extortion, and attempted extortion. Reed, Jones, Furman, Wicker, and Lesousky are assistant United States Attorneys who were involved in the prosecution of the criminal case against Hamilton. Hageman is a Louisville, Kentucky, police officer, who was the lead detective on Hamilton's case and testified on behalf of the prosecution at Hamilton's trial. Job is a United States Secret Service Agent, whose role in the criminal proceedings was not identified in the complaint.

Hamilton alleged that the defendants "participated directly or indirectly in the lost [*sic*] of vital audio tapes" pertaining to his criminal prosecution and misled the jury as to the facts of the criminal case against him. Hamilton alleged that the defendants knew that he had been entrapped, but failed to take corrective measures. Hamilton also alleged that he was not informed of his "*Miranda [v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) ] Rights." Hamilton requested that the defendants "be charged, indicted, tried and convicted" for obstruction of justice and that he be awarded "Punitive Relief." Hamilton claimed that authority for his suit rested upon 18 U.S.C. §§ 1505, 1506, and 1509, "Federal Regulations," and various Rules of Criminal Procedure.

The district court dismissed Hamilton's complaint for failure to state a claim on which relief may be granted. Hamilton has filed a timely appeal.

We review de novo an order dismissing a suit for failure to state a claim upon which relief may be granted under §§ 1915(e)(2) and 1915A(b). *Brown v. Bargery,* 207 F.3d 863, 867 (6th Cir.2000). "Dismissal of a complaint for the failure to

---

* The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

state a claim on which relief may be granted is appropriate only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Id.*

■ Upon review, we conclude that the district court properly dismissed Hamilton's complaint, as it fails to state a claim for relief. *See id.* Hamilton possesses no private right of action against the defendants for alleged violations of 18 U.S.C. §§ 1505, 1506, and 1509. These particular statutes concern criminal, rather than civil, offenses. Thus, a private cause of action may not be brought for the alleged violations of these federal statutes. *See Morganroth & Morganroth v. DeLorean,* 123 F.3d 374, 386 (6th Cir.1997) (no private cause of action lies for alleged violations of federal criminal mail and wire fraud statutes).

■ Furthermore, Hamilton cannot compel the criminal prosecution of the defendants. As a private citizen, Hamilton has no authority to initiate a federal criminal prosecution of the defendants for their alleged unlawful acts. *See Diamond v. Charles,* 476 U.S. 54, 64–65, 106 S.Ct. 1697, 90 L.Ed.2d 48 (1986); *Lopez v. Robinson,* 914 F.2d 486, 494 (4th Cir.1990); *Cok v. Cosentino,* 876 F.2d 1, 2 (1st Cir.1989).

Accordingly, the district court's order is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.