**Eric MARTIN, Plaintiff–Appellant,**

v.

**Barry KOLJONEN, et al., Defendants– Appellees.**

**No. 03–2169.**

United States Court of Appeals, Sixth Circuit.

March 9, 2004.

Eric Martin, Baraga, MI, pro se.

Before SILER, MOORE, and SUTTON, Circuit Judges.

*ORDER*

Eric Martin, a pro se Michigan prisoner, appeals a district court judgment dismissing his civil rights suit filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

568

Seeking monetary and equitable relief, Martin sued three employees of the Michigan State Police for violating his Eighth and Fourteenth Amendment rights by failing to investigate numerous crimes allegedly committed against him by prison guards. The district court sua sponte dismissed the action pursuant to 28 U.S.C. § 1915(e)(2), 28 U.S.C. § 1915A, and 42 U.S.C. § 1997e(c), for failure to state a claim, reasoning that a victim of a crime has no federal right to have his claim investigated. The district court also dismissed Martin's subsequent motion for relief from judgment.

In his timely appeal, Martin argues that the state is obligated to investigate his claims because he is a prisoner, and he contends that the district court did not rule on his motion for relief from judgment.

Upon de novo review, we conclude that the district court properly dismissed the complaint for failure to state a claim. *See Brown v. Bargery,* 207 F.3d 863, 867 (6th Cir.2000) (§§ 1915(e) and 1915A); *Ruiz v. United States,* 160 F.3d 273, 275 (5th Cir. 1998) (§ 1997e(c)); *Wright v. MetroHealth Med. Ctr.,* 58 F.3d 1130, 1138 (6th Cir. 1995). Private citizens, whether or not they are prisoners, simply cannot compel a criminal investigation or prosecution against another. *See Diamond v. Charles,* 476 U.S. 54, 64, 106 S.Ct. 1697, 90 L.Ed.2d 48 (1986); *Linda R.S. v. Richard D.,* 410 U.S. 614, 619, 93 S.Ct. 1146, 35 L.Ed.2d 536 (1973); *Hamilton v. Reed,* 29 Fed. Appx. 202, 204 (6th Cir.2002); *Staffney v. Allen,* No. 98–1880, 1999 WL 617967, at *2 (6th Cir. Aug. 12, 1999) (unpublished); *Lopez v. Robinson,* 914 F.2d 486, 494 (4th Cir.1990).

Finally, we note that the record belies Martin's claim that the district court did not rule on his motion for relief from judgment.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.