Dr. Gladys COK, Plaintiff, Appellant,

v.

Louis COSENTINO, et al.,
Defendants, Appellees.

No. 88–2086.

United States Court of Appeals,
First Circuit.

Submitted April 7, 1989.

Decided May 26, 1989.

As Amended June 5, 1989.

Dr. Gladys Cok, Warwick, R.I., pro se.

James E. O'Neil, Atty. Gen., Richard B. Woolley, Asst. Atty. Gen., Linda Buffardi, and Higgins, Cavanagh and Cooney, Providence, R.I., on brief, for defendants, appellees.

Before CAMPBELL, Chief Judge, BOWNES and BREYER, Circuit Judges.

PER CURIAM.

This case arises out of the appointment of a guardian ad litem and a conservator of assets by a family court justice during a divorce proceeding. The appellant, Gladys Cok, acting *pro se,* sued the judge and the two court appointed attorneys. The district court dismissed the complaint for failure to state a claim. We agree and affirm substantially for the reasons stated by the court below adding the following comments.

The basis of Cok's claims under 18 U.S.C. §§ 241–242, 1961–1963, and 42 U.S.C. §§ 1983–1986, is the alleged deprivation of money and property due to the individual and concerted actions of the appellees.

Specifically, Cok alleges that Louis Cosentino, the guardian ad litem (GAL) for Cok's minor child, Louis Kirshenbaum, the conservator of assets of the marital property, and Edward Gallogly, the judge who granted the divorce and issued other related orders, violated her right to due process and equal protection during and after the divorce. She claimed that Kirshenbaum wasted and devalued her properties, and then sold them to 'insiders' at favorable prices, without proper bidding and advertising. Cok claimed that certain of Kirshenbaum's actions were taken on orders of the court, including ex-parte orders, and others were unauthorized, i.e., allowing properties to be vandalized or go unrepaired. She claimed that Judge Gallogly ordered her to pay directly to Kirshenbaum large sums of money and also that she was required to deposit large sums in the court's Registry for Kirshenbaum's benefit. As to GAL Cosentino, her primary claim is that he, as the regularly appointed GAL of Judge Gallogly (and another judge), performed without any guidelines, qualifications, duties, obligations or responsibilities, and was engaged in a racketeering 'scheme' with the judge to obtain such appointments and resulting fees. Cok further alleges a pattern of racketeering activity in violation of the Racketeer Influenced and Corrupt Organizations Act (RICO), and that the GAL and conservator, at the direction of the court, extorted money from her under threats of jail or contempt of court.

The appellees assert that Cok lacks standing, as a private citizen, to sue for criminal liability and that they are otherwise absolutely immune from suit. We review a 12(b)(6) dismissal de novo and address each defense in turn.

## STANDING

■ Cok has alleged that the appellees committed perjury, extortion, criminal conspiracy and racketeering. Generally, a private citizen has no authority to initiate a federal criminal prosecution. Keenan v. McGrath, 328 F.2d 610, 611 (1st Cir.1964). Only the United States as prosecutor can bring a complaint under 18 U.S.C. §§ 241–242 (the criminal analogue of 42 U.S.C. § 1983), Dugar v. Coughlin, 613 F.Supp. 849 (S.D.N.Y.1985); Fiorino v. Turner, 476 F.Supp. 962 (D.Ma.1979), or under RICO, 18 U.S.C. §§ 1961–1963. Elmore v. McCammon, 640 F.Supp. 905, 909 (S.D. Tex.1986). These statutes do not give rise to a civil action for damages. Compare 18 U.S.C. § 1964(c). The complaint makes only bare and conclusory allegations regarding the appellees' collective racketeering activity and fails to specifically identify the requisite predicate acts or a pattern of racketeering activity indicating dates, times, and places as required by 18 U.S.C. § 1962. Sedima, S.P.R.L. v. Imrex Co. Inc., 473 U.S. 479, 497, 105 S.Ct. 3275, 3285, 87 L.Ed.2d 346 (1985); See Roeder v. Alpha Industries, Inc., 814 F.2d 22, 30–31 (1st Cir.1987). All of these counts were properly dismissed.

## IMMUNITY

■ There is no question that Edward Gallogly was protected by absolute immunity from civil liability for any normal and routine judicial act. Stump v. Sparkman, 435 U.S. 349, 356–57, 98 S.Ct. 1099, 1104–05, 55 L.Ed.2d 331 (1978). This immunity applies no matter how erroneous the act may have been, how injurious its consequences, how informal the proceeding, or how malicious the motive. Cleavinger v. Saxner, 474 U.S. 193, 199–200, 106 S.Ct. 496, 499–500, 88 L.Ed.2d 507 (1985). Only judicial actions taken in the clear absence of all jurisdiction will deprive a judge of absolute immunity. Stump, 435 U.S. at 357, 98 S.Ct. at 1105; Sullivan v. Kelleher, 405 F.2d 486, 487 (1st Cir.1968). The appellant has failed to plead either absence of jurisdiction or that any of the judge's acts were not judicial in nature. On review, the Rhode Island Supreme Court twice sustained the necessity and propriety of the conservator and guardian ad litem appointments. Cok v. Cok, 479 A.2d 1184, 1190 (R.I.1984); Cok v. Cok, 533 A.2d 534, 535 (R.I.1987), cert. denied, —— U.S. ——, 109 S.Ct. 30, 102 L.Ed.2d 10 (1988). These decisions confirm that Cok can plead no set of facts to overcome the judge's immunity

defense. Consequently, Gallogly is absolutely immune from appellant's suit.

The jurisdiction of the family court conceded, the guardian ad litem and conservator are non-judicial persons fulfilling quasi-judicial functions. A GAL typically gathers information, prepares a report and makes a recommendation to the court regarding a custody disposition. See e.g., *Kenney v. Hickey*, 486 A.2d 1079, 1081–82 (R.I.1985). The conservator or commissioner generally manages the properties, and pays the bills for work done. *See e.g., Whitmarsh v. McGair*, 90 R.I. 154, 156 A.2d 83, 86–89 (1959). Here, the conservator also sold certain marital real estate. The *Cok* decisions, *supra,* make clear that these functions were performed to aid and inform the family court, see *Cok*, 479 A.2d at 1190, and, in the case of the conservator, under the direction of that court. See, *Cok*, 533 A.2d at 535. The functional approach taken in immunity cases, which requires an analysis of the nature of the duties performed, and whether they are "closely associated with the judicial process," *Cleavinger*, 474 U.S. at 200, 106 S.Ct. at 500, support the conclusion that the guardian ad litem and conservator here were involved in the adjudicative process and shared in the family court judge's absolute immunity. In *Meyers v. Morris*, 810 F.2d 1437 (8th Cir.), *cert. denied*, —— U.S. ——, 108 S.Ct. 97, 98 L.Ed. 2d 58 (1987), guardians who were appointed by a family court to investigate alleged sexual abuse were held to be absolutely immune from damage claims for their reports and recommendations given to the family court. *Id.* at 1466–67. The court found such delegated functions to be intimately related to the judicial process. See also, *Kurzawa v. Mueller*, 732 F.2d 1456, 1458 (6th Cir.1984); *Ward v. San Diego County Dept. of Social Services*, 691 F.Supp. 238, 240 (S.D.CA.1988).

Similarly, in *Ashbrook v. Hoffman*, 617 F.2d 474 (7th Cir.1980) the Seventh Circuit found partition sale commissioners who were appointed after a divorce to be an arm of the court and an integral part of the judicial process. As such they were entitled to absolute immunity. *Id.*, at 477. The Court stated:

The alleged acts of wrongdoing in this case are acts in furtherance of the commissioner's official duties in aid of the court. Advertisement of a partition sale is a routine part of the conduct of such a sale. Any inadequacy in the advertisement is reviewable on appeal but will not subject the commissioners to a federal civil damages suit. Likewise, complaints concerning the disposal of the proceeds of sale where it is not alleged that the proceeds were misappropriated, improper participation in the bidding process and an alleged wrongful coverup of wrongdoing in the sale, all relate to the conduct of the quasi-judicial partition proceeding and are activities for which the commissioners are absolutely immune. *Id.*

While our cases have not directly addressed the immunity due to persons appointed by a court to act in capacities such as GAL or conservator of assets, in *Kermit Construction v. Banco Credito Y Ahorro Ponceno*, 547 F.2d 1 (1st Cir.1976) we recognized that absolute immunity protected a state receiver who carried out the orders of an appointing judge. *Id.*, at 3. We conclude that the GAL and conservator of assets here similarly functioned as agents of the court and have absolute quasi-judicial immunity for those activities integrally related to the judicial process. *Briscoe v. LaHue*, 460 U.S. 325, 335, 103 S.Ct. 1108, 1115, 75 L.Ed.2d 96 (1983). Conversely, absolute immunity would fail to attach only when such persons perform acts which are clearly outside the scope of their jurisdiction. *Demoran v. Witt*, 781 F.2d 155, 158 (9th Cir.1986), citing *Stump v. Sparkman, supra*, 435 U.S. at 356–57, 98 S.Ct. at 1104–05. Finally, allegations of malice, or bad faith or, as here, a claim of conspiracy will not defeat the protection of derivative absolute immunity for actions taken pursuant to court orders. *Dorman v. Higgins*, 821 F.2d 133, 139 (2nd Cir.1987); *Moses v. Parwatikar*, 813 F.2d 891, 892–93 (8th Cir. 1987); *Demoran, supra*, 781 F.2d at 158.

Having determined that the GAL and conservator possessed quasi-judicial immunity, we hold that Cok's pleadings fail to show that their actions were taken in clear and complete absence of authority. The gist of the complaints against both the

conservator and the GAL is a dissatisfaction with the manner in which they performed their appointed duties. There are no allegations of theft or personal profiteering, or that any of their acts were taken without the sanction of the family court. At most, Cok states a claim for negligent performance or dereliction of duty. *Cf. Ferranti v. Moran,* 618 F.2d 888, 891 (1st Cir.1980). The Supreme Court has made plain that due process, whether procedural or substantive, is not implicated by mere negligence of persons acting under color of state law. *Daniels v. Williams,* 474 U.S. 327, 328, 106 S.Ct. 662, 663, 88 L.Ed.2d 662 (1986); *Davidson v. Cannon,* 474 U.S. 344, 106 S.Ct. 668, 88 L.Ed.2d 677 (1986). Similarly, Cok has alleged no facts to sustain an equal protection claim or cause of action under § 1985(3) or § 1986.

We conclude that any remaining claims were based upon state law and were properly dismissed. *United Mine Workers of America v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966). Cok's pleadings indicate a pending malpractice action against the GAL. Claims of mismanagement, for an accounting, and the like, against the conservator should be pursued in state court and are not the proper subject of § 1983 liability.

Affirmed. The appellee's request for sanctions is denied.