USCA1 Opinion

 

 May 8, 1995 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 94-2298 ZYRONE COOPER, Plaintiff, Appellant, v. TERRY SHORTT, ET AL., Defendants, Appellees. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MAINE [Hon. Morton A. Brody, U.S. District Judge] ___________________ ____________________ Before Torruella, Chief Judge, ___________ Selya and Boudin, Circuit Judges. ______________ ____________________ Zyrone Cooper on brief pro se. _____________ Neil S. Shankman and Shankman & Associates on brief for __________________ ________________________ appellees. ____________________ ____________________ Per Curiam. Appellant Zyrone Cooper filed a ___________ complaint in Maine's federal district court concerning the conditions of his tenancy in the Glenridge Apartments, a 24- apartment complex which receives federal funds. Cooper sued Terry Shortt, the site manager, Ray McNeal, a representative of Realty Resources Management (the agent for Glenridge), and three tenants (collectively, "appellees"). Cooper alleged that the appellees conspired to prohibit him from the full enjoyment of his apartment. Specifically, he stated that the tenants made excessive noise. When Cooper complained to Shortt, Shortt called him a "nigger" and refused to believe Cooper's story. Shortt also threatened to evict Cooper, refused to fix his toilet, and entered his apartment when Cooper was not there. Cooper claims that the actions of the appellees were based on his race, mental handicap and age. The court granted IFP status to Cooper but a magistrate judge recommended the dismissal of the complaint under 28 U.S.C. 1915(d). The magistrate judge construed the complaint as attempting to state a claim under 42 U.S.C. 1983.1 He then found that the appellees were not acting under color of state law. Thus, he concluded that the complaint lacked any arguable factual basis. The district  ____________________ 1. Cooper only cited 18 U.S.C. 241 and 242 in the complaint. "Generally, a private citizen has no authority to initiate a federal criminal prosecution." Cok v. Cosentino, ___ _________ 876 F.2d 1, 2 (1st Cir. 1989) (per curiam). Also, 241 and 242 do not provide for a civil action for damages. Id. ___ court judge accepted the magistrate's recommendation and dismissed the complaint. This appeal ensued. A district court may dismiss a complaint pursuant to 1915(d) if "the action is frivolous or malicious." An action is frivolous "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 _______ ________ (1989). Thus, 1915(d) accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. Examples of the former class are claims against which it is clear that the defendants are immune from suit and claims of infringement of a legal interest which clearly does not exist. . . . Id. at 327 (citation omitted). ___ While we agree with the district court that Cooper cannot state a 1983 claim, his complaint nonetheless concerns neither "clearly baseless" facts nor an "undisputably meritless legal theory." Cooper alleges that appellees discriminated against him based on his race and because he is handicapped. Discrimination in the rental of property is prohibited by the Civil Rights Act of 1866, 42 U.S.C. 1982 (race), and the Fair Housing Act, 42 U.S.C. 3604 (race and handicap). Both statutes permit an aggrieved person to sue private parties. See, e.g., City of Memphis v. ___ ____ _______________ -3- Greene, 451 U.S. 100, 120 (1981) ( 1982); Curtis v. Loether, ______ ______ _______ 415 U.S. 189, 190 (1974) ( 3604). Whether Cooper's sparse, rather conclusory allegations ultimately will support claims based on 1982 and 3604 is a matter on which we express no opinion. We only hold that, giving Cooper "the benefit of all the suggested facts and . . . indulg[ing] all reasonable inferences in his favor," the complaint should proceed. Johnson v. Rodriguez, 943 F.2d 104, 107 (1st Cir. 1991), _______ _________ cert. denied, 112 S.Ct. 948 (1992). See also Street v. Fair, ____________ ___ ____ ______ ____ 918 F.2d 269, 273 (1st Cir. 1990) (per curiam) (a complaint's factual deficiencies do not make it frivolous). We therefore vacate the judgment of the district ______ court and remand the matter for further proceedings ______ consistent with this opinion.2  ____________________ 2. We appreciate that the complaint mentions neither 42 U.S.C. 1982 nor 42 U.S.C. 3604; but, as the district court recognized, the complaint was filed pro se and the ___ __ court, therefore, had to look beyond its face to determine whether it was frivolous. Here, the judge looked in the wrong direction. -4-