99 F.3d 1138
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Terrill BYBEE, Plaintiff-Appellant,
v.
Robert PIRTLE; Betty Box, Defendants-Appellees.
 No. 96-5077.
 United States Court of Appeals, Sixth Circuit.
 Oct. 16, 1996.
 
 Before: KRUPANSKY, BOGGS, and SILER, Circuit Judges.
 
 ORDER
 
 1
 Terrill Bybee appeals pro se a district court order dismissing his complaint alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and other claims. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Bybee brought this action seeking one million dollars from two individuals who had refused to hire him to work for their businesses due to Bybee's failure to furnish his Social Security number or fill out W-4 forms for income tax purposes. He claimed that defendants violated Title VII as well as the Privacy Act, 5 U.S.C. § 552(a), and engaged in a criminal conspiracy to violate his civil rights in violation of 18 U.S.C. § 241. Defendants moved for dismissal or summary judgment and the district court granted the motions, dismissing the complaint for failure to state a claim.
 
 
 3
 Dismissal for failure to state a claim under Fed.R.Civ.P. 12(b)(6) is proper where, accepting the factual allegations in the complaint as true, the plaintiff is nevertheless not entitled to relief. See Columbia Natural Resources, Inc. v. Tatum, 58 F.3d 1101, 1109 (6th Cir.1995), cert. denied, 116 S.Ct. 1041 (1996). Upon review, we conclude that this complaint was properly dismissed under this standard.
 
 
 4
 Assuming the facts in the complaint to be true, Bybee was not entitled to relief under Title VII due to his failure to exhaust administrative remedies. See Shannon v. Ford Motor Co., 72 F.3d 678, 684 (8th Cir.1996). Bybee did not state a claim under the Privacy Act, as that Act does not apply to individual conduct. See Windsor v. The Tennessean, 719 F.2d 155, 160 (6th Cir.1983), cert. denied, 469 U.S. 826 (1984). Finally, Bybee had no private civil right of action under 18 U.S.C. § 241. See Cok v. Cosentino, 876 F.2d 1, 2 (1st Cir.1989) (per curiam).
 
 
 5
 Accordingly, the district court order dismissing this complaint is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.