Carlos SARO, Plaintiff–Appellant,

v.

Patrick L. BROWN, Defendant–Appellee.

No. 00–5384.

United States Court of Appeals, Sixth Circuit.

March 15, 2001.

Before KENNEDY and SUHRHEINRICH, Circuit Judges; GAUGHAN, District Judge.[*]

Pro se federal prisoner Carlos Saro appeals a district court judgment that dismissed his civil suit against former Ohio attorney Patrick L. Brown. The case has

---

[*] The Honorable Patricia A. Gaughan, United States District Judge for the Northern District of Ohio, sitting by designation.

been referred to this panel pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. We unanimously agree that oral argument is not needed. *See* Fed. R.App. P. 34(a).

Seeking monetary relief, a declaratory judgment that would allow him to file an out-of-time 28 U.S.C. § 2255 motion, and the initiation of criminal proceedings against the defendant, Saro sued Brown for failing to prosecute timely a § 2255 motion after Saro retained Brown's services. Saro claimed authority for his suit rested upon the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c), and he claimed that attorney Brown committed the predicate acts of contempt of court and mail fraud, violations of 18 U.S.C. §§ 401(2), 1341, 1346.

The district court dismissed Saro's suit as frivolous and denied reconsideration following Saro's filing of a timely Fed. R.Civ.P. 59(e) motion.

In his timely appeal, Saro argues that the district court erred in concluding that his claims lacked a factual or legal basis. He also moves this court to take judicial notice of his attempt to belatedly assert a claim of "unjust enrichment" in this district court. The defendant has not been served and has not filed a brief.

■ At the outset, we note that the district court properly concluded that Saro could not compel the criminal prosecution of Brown. A private citizen has no authority to initiate a federal criminal prosecution; that power is vested exclusively in the executive branch. *See United States v. Nixon*, 418 U.S. 683, 693, 94 S.Ct. 3090, 41 L.Ed.2d 1039 (1974); *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir.1989) (stating that only the United States as prosecutor can bring a criminal complaint under RICO).

■ The district court also properly concluded that Saro possessed no private right of action against Brown for alleged

violations of 18 U.S.C. §§ 1341 & 1343. Violations of these sections of the federal criminal code do not give rise to independent, private causes of action. *Morganroth & Morganroth v. DeLorean*, 123 F.3d 374, 386 (6th Cir.1997).

Because Saro filed a time-tolling Fed. R.Civ.P. 59(e) motion, we will review the underlying judgment. *Peabody Coal Co. v. Local Unions Numbers 1734, 1508, & 1548, United Mine Workers of Am.*, 484 F.2d 78, 81 (6th Cir.1973). Upon review, we conclude that the district court properly dismissed Saro's suit. Review of the district court's dismissal as frivolous under 28 U.S.C. § 1915 is de novo. *See McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir.1997). The court construes the complaint in the light most favorable to Saro, accepts his factual allegations as true, and determines whether Saro undoubtedly can prove no set of facts in support of his claims that would entitle him to relief. *See Meador v. Cabinet for Human Res.*, 902 F.2d 474, 475 (6th Cir.1990). To succeed, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory. *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir.1995).

The district court did not err. Saro's RICO claims were frivolous for two reasons: (1) Saro lacked standing to bring a RICO action; and (2) even if we assume that Saro had standing, his pleadings reveal that Brown's alleged racketeering was not the proximate cause of the loss of his right to seek § 2255 relief.

■ A plaintiff has standing to seek a civil remedy under RICO, pursuant to 18 U.S.C. § 1964(c), only if he has been injured in his business or property. *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496, 105 S.Ct. 3275, 87 L.Ed.2d 346 (1985). It is Saro's theory of suit under RICO that

Brown deprived him of the timely filing of a § 2255 motion. Nothing supports Saro's presupposition that the right to sue for the vacatur of one's criminal sentence is a business or property interest as defined by RICO. The filing of a § 2255 motion does not qualify. *See e.g. Fleischhauer v. Feltner,* 879 F.2d 1290, 1299 (6th Cir.1989) (holding that neither personal injury nor mental suffering are injury to business or property as defined by RICO); *Imagineering, Inc. v. Kiewit Pac. Co.,* 976 F.2d 1303, 1310 (9th Cir.1992) (holding that "injury" requires proof of concrete financial loss); *Oscar v. Univ. Students Co-op. Ass'n,* 965 F.2d 783, 785–87 (9th Cir.1992) ("injury" must consist of concrete financial loss, and not injury to a valuable, but intangible, property interest).

If we assume, arguendo, that Saro suffered an injury compensable under RICO, Saro cannot show the requisite causation. Private litigants can recover for racketeering injuries under 18 U.S.C. § 1964(c), but their injury must "flow from the commission of the predicate acts." *Sedima,* 473 U.S. at 497. This means that a private plaintiff who wants to recover under civil RICO must show some injury flowing from one or more predicate acts. A plaintiff cannot allege merely that an act of racketeering occurred and that he suffered. He must show a causal connection between his injury and a predicate act. If no injury flowed from a particular predicate act, no recovery lies for the commission of that act. Thus, a RICO plaintiff must plead and prove "proximate causation." *Holmes v. Sec. Investor Prot. Corp.,* 503 U.S. 258, 265–68, 112 S.Ct. 1311, 117 L.Ed.2d 532 (1992). The District Court for the District of Columbia rejected Saro's equitable tolling argument, finding that Saro's dilatory conduct—and not Brown's failure to take timely action—prevented equitable relief. This intervening event severs the proximate causation between Brown and Saro's alleged injury.

Accordingly, we deny Saro's January 22, 2001, motion for this court to take judicial notice, and we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.