**Willard J. FRANKLIN, Plaintiff–Appellant,**

v.

**William J. HENDERSON, Postmaster General, Defendant–Appellee.**

**No. 00–4611.**

United States Court of Appeals, Sixth Circuit.

June 20, 2001.

Before BOGGS and SUHRHEINRICH, Circuit Judges; CLELAND, District Judge.*

Willard J. Franklin, a former Ohio resident, appeals pro se a district court order dismissing his alleged civil rights action. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Franklin, a former postal service employee, brought this action against the Postmaster General seeking thirty five million dollars in damages. The complaint alleged that the defendant had been negligent in training and disciplining postal service management in violation of Franklin's civil rights under 42 U.S.C. §§ 1983, 1985, and 1986. Franklin complained that he had been unjustifiably suspended and denied a requested transfer during his tenure with the postal service, and that management problems were widespread. Defendant filed a motion to dismiss the complaint failure to state a claim, pursuant to Fed.R.Civ.P. 12(b)(6). Franklin filed a response in which he indicated that he also wished to state a claim under 18 U.S.C. §§ 241–242. The district court granted the motion to dismiss, and this appeal followed.

---

* The Honorable Robert H. Cleland, United States District Judge for the Eastern District of Michigan, sitting by designation.

■ Upon review, we conclude that this complaint was properly dismissed for the reasons stated by the district court. The federal government and its officials are not subject to suit under 42 U.S.C. § 1983. *Ana Leon T. v. Fed. Reserve Bank,* 823 F.2d 928, 931 (6th Cir.1987). Moreover, even if the district court had construed the complaint as one filed under the authority of *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388, 390–97, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), because it was filed against the defendant in his official capacity, it would be barred by sovereign immunity. *See Robinson v. Overseas Military Sales Corp.,* 21 F.3d 502, 510 (2d Cir.1994).

■ Franklin's § 1985 claim was subject to dismissal for the reason stated by the district court as well. Franklin does not claim that he is a member of a protected class or that the defendant was acting on a class-based discriminatory animus, as necessary to state a claim under that section. *See Newell v. Brown,* 981 F.2d 880, 886 (6th Cir.1992). Franklin argues that he disagrees with the legal interpretation of this statute. His disagreement is an insufficient basis on which to overturn the established law in this area. Lastly, Franklin's § 1986 claim, which is derivative of the prior claim, was also subject to dismissal. *See Seguin v. City of Sterling Hts.,* 968 F.2d 584, 590 (6th Cir.1992).

■ Even if Franklin's response to the motion to dismiss were construed as an attempt to amend his complaint, it added nothing to alter the fact that he had failed to state a claim. The response indicated a desire to rely on 18 U.S.C. §§ 241–242 as a basis for this complaint. That statute makes criminal a conspiracy to deny civil rights. However, it does not give rise to a civil action for damages, and Franklin has no authority to initiate federal criminal

prosecutions. *See Cok v. Cosentino,* 876 F.2d 1, 2 (1st Cir.1989).

■ The response also mentioned that Franklin had filed EEO complaints. However, he submitted no notice of the right to sue, nor any copies of such complaints which might be construed as an attempt to state a claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.

In summary, nothing in this record reveals a legal basis upon which Franklin could bring an action against the defendant. Therefore, the order dismissing this action for failure to state a claim is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.