**Nathaniel WILLIAMS, Plaintiff–Appellant,**

v.

**Mark LUTTRELL, Sheriff, and the capacity of S.C.J.; et al., Defendants–Appellees.**

**No. 03–5950.**

United States Court of Appeals, Sixth Circuit.

May 27, 2004.

Nathaniel Williams, Memphis, TN, pro se.

Before RYAN, DAUGHTREY, and CLAY, Circuit Judges.

## ORDER

Nathaniel Williams, a Tennessee prisoner proceeding pro se, appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On March 18, 2003, Williams filed a complaint against the following officials employed at the Shelby County, Tennessee, Criminal Justice Center (SCCJC); Sheriff Mark Luttrell; Director Joseph Ponte; Security Chief Moore; Environmental Chief Coleman; Captain Wilson; Lieutenants Clarksenior, Lomax, and Jones; Sergeants Catron, Ballentine, Peppers, Holmes, Williams, and Mackin; and Deputy Jailer Everta Harris. Williams alleged that during his confinement as a pretrial detainee in the SCCJC, he has been sub-jected to unconstitutional conditions of confinement and excessive use of force. Williams sought declaratory, injunctive, and monetary relief. He also sought to pursue criminal charges against the defendants pursuant to 18 U.S.C. §§ 241 and 242.

The district court dismissed Williams's complaint without prejudice for failure to exhaust available administrative remedies pursuant to 42 U.S.C. § 1997e. Williams has filed a timely appeal.

We review de novo a district court's dismissal of a suit for failure to exhaust available administrative remedies under 42 U.S.C. § 1997e(a). *Curry v. Scott,* 249 F.3d 493, 503 (6th Cir.2001). The Prison Litigation Reform Act requires prisoners desiring to bring civil rights claims to exhaust all available administrative remedies prior to filing suit in federal court. 42 U.S.C. § 1997e(a); *Brown v. Toombs,* 139 F.3d 1102, 1104 (6th Cir.1998). In cases governed by the provisions of § 1997e, the prisoner bears the burden of establishing exhaustion of administrative remedies. *Brown,* 139 F.3d at 1104.

To establish exhaustion, the prisoner must allege that all available administrative remedies have been exhausted and should attach documentation to the complaint indicating the administrative disposition of any grievances that have been filed. *Knuckles El v. Toombs,* 215 F.3d 640, 642 (6th Cir.2000); *Brown,* 139 F.3d at 1104. If documentation demonstrating exhaustion is not available, the prisoner must describe the administrative proceedings and their results with specificity. *Knuckles El,* 215 F.3d at 642. The exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v.*

*Nussle*, 534 U.S. 516, 532, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002).

Upon review, we conclude that the district court properly dismissed Williams's complaint without prejudice for failure to follow the mandatory exhaustion requirement. *See* 42 U.S.C. § 1997e(a); *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999); *Brown*, 139 F.3d at 1104. Williams failed to demonstrate that he had exhausted his administrative remedies as to each of the claims raised in his complaint prior to filing suit in federal court. In fact, Williams specifically indicated in his complaint that he did not file any grievances concerning the facts and claims alleged in his complaint. Because Williams made no attempt to exhaust his administrative remedies, his complaint was subject to dismissal.

Furthermore, as a private citizen, Williams has no authority to initiate a federal criminal prosecution of the defendants for their alleged unlawful acts. *See Diamond v. Charles*, 476 U.S. 54, 64–65, 106 S.Ct. 1697, 90 L.Ed.2d 48 (1986); *Lopez v. Robinson*, 914 F.2d 486, 494 (4th Cir.1990); *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989).

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.