Ajamu M. KAFELE, Plaintiff–
Appellant,

v.

FRANK & WOOLDRIDGE COMPANY;
Travelers Bank & Trust FSB,
Defendants–Appellees.

No. 03–4205.

United States Court of Appeals,
Sixth Circuit.

Aug. 17, 2004.

Rehearing En Banc Denied Nov. 8, 2004.

Ajamu M. Kafele, Gahanna, OH, Pro se.

James E. Nobile, Nobile, Needleman & Thompson, Scott A. Campbell, Thompson Hine, Columbus, OH, for Defendant–Appellee.

Before: SILER, MOORE, and COLE, Circuit Judges.

*ORDER*

Ajamu M. Kafele, proceeding pro se, appeals a district court judgment dismissing his civil action filed pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692–1692*o*; the Ohio Consumer Sales Practices Act (OCSPA), Ohio Rev.Code §§ 1345.01–13; 42 U.S.C. §§ 1983 and 1985(3); the following criminal statutes: 18 U.S.C. §§ 241, 242, 1341, 1505, and 1623; and Ohio state law and Code of Professional Responsibility. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On September 27, 2002, Kafele filed a complaint against Frank & Wooldridge Company, LPA, three attorneys employed by Frank & Wooldridge, and Travelers Bank & Trust, FSB. Kafele alleged that

on April 24, 2001, he was served with a complaint in a foreclosure action brought against him in the Franklin County, Ohio, Court of Common Pleas. The foreclosure complaint alleged that Kafele obtained a loan to purchase property located at 110–112 South Champion Avenue in Columbus, Ohio. As security for the loan, Kafele executed a promissory note and mortgage against the South Champion property in favor of the mortgagee. The original mortgagee subsequently assigned the note and mortgage to Travelers and when Kafele defaulted on the note. Travelers initiated a foreclosure action against him in state court. Frank & Wooldridge represented Travelers in the state court foreclosure action. Kafele alleged that the defendants violated his rights under both federal and state law during the state foreclosure proceedings. As a result, Kafele sought monetary relief from the defendants.

The law firm defendants filed a Fed. R.Civ.P. 12(b)(6) motion to dismiss the complaint and Travelers filed a Fed. R.Civ.P. 12(c) motion for judgment on the pleadings and/or Fed.R.Civ.P. 56(c) motion for summary judgment. Kafele filed no response to either motion. Thereafter, the district court granted the defendants' motions and dismissed the case. Kafele's motions to vacate final judgment and to amend his complaint were subsequently denied. Kafele now appeals. He requests oral argument. He has also filed a motion for leave to designate an additional item for inclusion in the joint appendix and a motion for judicial notice.

We review de novo the district court's dismissal of a suit pursuant to Fed. R.Civ.P. 12(b)(6). *James v. Meow Media, Inc.*, 300 F.3d 683, 689 (6th Cir.2002), *cert. denied*, 537 U.S. 1159, 123 S.Ct. 967, 154 L.Ed.2d 893 (2003). We review a district court's grant of a Fed.R.Civ.P. 12(c) mo-

tion for judgment on the pleadings under "the same *de novo* standard applicable to a motion to dismiss under Rule 12(b)(6)." *Ziegler v. IBP Hog Mkt., Inc.*, 249 F.3d 509, 511–12 (6th Cir.2001).

█ Upon review, we conclude that Kafele's complaint failed to state a claim upon which relief may be granted and was properly dismissed by the district court. First, Kafele's FDCPA claim is barred by the applicable one-year statute of limitations. *See* 15 U.S.C. § 1692k(d). Moreover, Kafele's complaint failed to state a claim for relief under both the FDCPA and the OCSPA because he did not allege the existence of a consumer debt or transaction within the meaning of those acts. *See* 15 U.S.C. § 1692a(5); Ohio Rev.Code Ann. § 1345.01(A).

Second, Kafele's claims brought pursuant to 42 U.S.C. §§ 1983 and 1985 for violations of the Fifth, Seventh, and Fourteenth Amendments failed to state a claim for relief because neither the law firm defendants nor Travelers is a state actor subject to liability under § 1983. *See Catz v. Chalker*, 142 F.3d 279, 289 (6th Cir. 1998). Although private citizens acting in concert with state officials may be subject to § 1983 liability, *Dennis v. Sparks*, 449 U.S. 24, 27–28, 101 S.Ct. 183, 66 L.Ed.2d 185 (1980), Kafele offered no factual support or evidence upon which a conspiracy could be based. Kafele's allegations also failed to state a conspiracy claim under § 1985(3). *See Collyer v. Darling*, 98 F.3d 211, 233 (6th Cir.1996).

█ Third, Kafele's complaint failed to state a claim for relief under the criminal statutes cited in his complaint. Kafele possesses no private right of action against the defendants for alleged violations of those criminal statutes. *See Morganroth & Morganroth v. DeLorean*, 123 F.3d 374, 386 (6th Cir.1997). Furthermore, as a private citizen, Kafele has no authority to

initiate a federal criminal prosecution of the defendants for their alleged unlawful acts. *See Diamond v. Charles,* 476 U.S. 54, 64–65, 106 S.Ct. 1697, 90 L.Ed.2d 48 (1986); *Lopez v. Robinson,* 914 F.2d 486, 494 (4th Cir.1990); *Cok v. Cosentino,* 876 F.2d 1, 2 (1st Cir.1989). Contrary to Kafele's argument, the provisions of Ohio Rev.Code Ann. § 2307.60 are inapplicable to this case.

■ Fourth, Kafele's complaint failed to state a defamation claim against the defendants based upon their initiation and pursuit of the foreclosure action filed against him in state court. *See Surace v. Wuliger,* 25 Ohio St.3d 229, 495 N.E.2d 939, 942–43 (Ohio 1986). Fifth, Kafele's complaint failed to state a claim for relief based upon various provisions of the Ohio Code of Professional Conduct because such code "does not, in itself, create a private cause of action." *Fred Siegel Co., L.P.A. v. Arter & Hadden,* 85 Ohio St.3d 171, 707 N.E.2d 853, 859 (Ohio 1999).

Finally, we conclude that the district court properly denied Kafele's "motion to vacate final judgment" to the extent that such motion argued that the complaint asserted a fraud claim against the defendants. The complaint did not plead fraud against the defendants with the specificity and particularity required by Fed.R.Civ.P. 9(b). *See Yuhasz v. Brush Wellman, Inc.,* 341 F.3d 559, 563–64 (6th Cir.2003). In addition, the district court properly denied Kafele's motion to amend his complaint because any amendment of the complaint to assert a civil Racketeer Influenced and Corrupt Organizations Act claim against the defendants would have been futile. *See* 18 U.S.C. §§ 1962 and 1964.

Accordingly, we grant the motion for leave to designate an additional item for inclusion in the joint appendix, deny the request for oral argument and motion for judicial notice, and affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.