**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 4, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

VITO J. KERSHAW,

  Plaintiff-Appellant,

v.

PEOPLE OF COLORADO; SHERRIE
O'BRIAN, Clerk-Recorder; NANCY
DOTY, Clerk-Recorder; CRYSTAL S.
YUSTEN; ARAPAHOE COUNTY
BOARD OF COMMISSIONERS,

  Defendants-Appellees.

No. 10-1058
(D.C. No. 1:09-CV-02791-ZLW)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **HOLMES**, Circuit Judge, **BRORBY**, Senior Circuit Judge, and **EBEL**, Circuit Judge.

---

Vito J. Kershaw, a Colorado state prisoner proceeding pro se, appeals the

district court's order dismissing his action as legally frivolous. We have

---

[*]   After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

jurisdiction under 28 U.S.C. § 1291 and, for substantially the same reasons given by the district court in its order, dismiss this appeal as frivolous and assess one strike against Mr. Kershaw.

A review of the materials before the district court reveals the following: Mr. Kershaw alleged he was brought before the Arapahoe County Court on criminal charges and that the charges were dismissed with prejudice because of a lack of probable cause. He was later tried on the same charges, which he believes was, in view of the first dismissal, a violation of his right against being put in double jeopardy under the Sixth Amendment of the United States Constitution. He filed a motion in the second state case to dismiss on double-jeopardy grounds, which was denied. He appealed the denial of that motion to the Colorado Court of Appeals. For his appeal, he obtained a transcript of the hearing from the first case and claims that it was altered in that it does not indicate that the court entered a final judgment dismissing the charges with prejudice.

In his federal suit, filed as a prisoner complaint under 42 U.S.C. § 1983, he claimed he could prove the transcript was inaccurate, and thereby establish a double jeopardy violation, if the district court were to order the release of the computer discs on which the hearing was digitally recorded and from which the allegedly erroneous transcription was made. The district court concluded that the complaint was legally frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) and dismissed it without prejudice. First, the court determined that to the extent Mr. Kershaw

was raising a due process challenge to the state court's refusal to dismiss the charges in the second case on double jeopardy grounds, he failed to state any federal constitutional claim against the defendants in this action, who are the appeals clerk for the Arapahoe County District Court, an individual identified as the head clerk/recorder for that court, the People of the State of Colorado, and the Board of Commissioners for Arapahoe County. The district court informed Mr. Kershaw that if, at the conclusion of the second state case, he seeks to challenge any conviction on federal constitutional grounds, he must first exhaust his state remedies before raising his constitutional claims in federal court in an application for a writ of habeas corpus. Next, the court concluded that the only claims Mr. Kershaw was asserting against the defendants—tampering with evidence and altering a transcript—were criminal in nature, and that he lacked standing as a private citizen to invoke the authority to initiate a federal criminal prosecution that is granted exclusively to United States attorneys by 28 U.S.C. § 547. *See Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989). Accordingly, because the facts he alleged did not support any arguable federal constitutional claim against defendants, the court dismissed the action as legally frivolous.

On appeal, Mr. Kershaw has not argued that the district court erred; instead, he has reiterated his claims, summarily contends that they are meritorious, and asks only that this court order the transcript of the hearing from his first state case directly from the computer hard drive that recorded it. *See*

Aplt. Br. at 4. Having reviewed the record and Mr. Kershaw's pro se filings with the liberality accorded to pro se litigants, *see Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008), we conclude that this appeal is frivolous for substantially the same reasons set forth in the district court's dismissal order. We therefore assess one strike against Mr. Kershaw under 28 U.S.C. § 1915(g), and we note that the district court's dismissal of his complaint as frivolous also counts as a strike. *See Jennings v. Natrona County Det. Ctr. Med. Facility*, 175 F.3d 775, 780 (10th Cir. 1999). If Mr. Kershaw acquires a third strike, he will not be entitled to the privilege of *in forma pauperis* status. *See id.* Mr. Kershaw's motion to proceed on appeal without prepayment of fees or costs is denied, and he is therefore ordered to make immediate payment of the unpaid balance of his appellate filing fee.

Entered for the Court


David M. Ebel
Circuit Judge

-4-