NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 26, 2013[*]
Decided September 30, 2013

**Before**

WILLIAM J. BAUER, *Circuit Judge*

RICHARD D. CUDAHY, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 13-1827

| | |
|---|---|
| BAHRAM NASSERIZAFAR, <br> *Plaintiff-Appellant,* | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division. |
| *v.* | |
| | No. 1:12-cv-1534-WTL-DKL |
| INDIANA DEPARTMENT OF TRANSPORTATION, <br> *Defendant-Appellee.* | William T. Lawrence, <br> *Judge* |

**O R D E R**

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

Bahram Nasserizafar, an Iranian American, appeals the dismissal of his discrimination claims against his former employer, the Indiana Department of Transportation. We affirm.

Nasserizafar began working for the Department as a highway engineer in 1989, and the lengthy narrative attached to his complaint recounts a history of negative interactions with supervisors that Nasserizafar blames for his "meets expectations" reviews despite what he calls exceptional performance. His very first supervisor, he asserts, told him after Iraq's invasion of Kuwait in 1990 that the United States should "nuke Iran and Iraq both," a remark that Nasserizafar says poisoned the entire Department against him and sparked harassment that continued for 23 years. He suffered a nervous breakdown from work-related stress in 2001, leading him to take a brief leave of absence. Most recently, in February 2012 he asked that his performance reviews be reopened and was told by a Department official that he would risk getting a lower rating and was lucky even to have a job since he is not a licensed engineer. Nasserizafar sued the Department in October 2012, alleging various claims of employment discrimination and seeking a promotion to "Senior Highway Technical Advisor" along with $7 million in damages and a long list of performance awards. He subsequently retired in January 2013.

Nasserizafar's complaint ostensibly rests on Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e–17; the Americans with Disabilities Act, 42 U.S.C. §§ 12101 to 12213; the Equal Pay Act of 1963, 29 U.S.C. § 206(d); 42 U.S.C. § 1981; and 18 U.S.C. § 242 (the criminal analog of 42 U.S.C. § 1983). But the charge of discrimination he submitted to the Equal Employment Opportunity Commission in March 2012 (which he appended to his complaint) accuses the Department of discrimination solely on account of his Iranian national origin.

The district court dismissed the complaint, concluding that Nasserizafar has no claim under any of these statutes. Four of them, the court reasoned, are irrelevant: the Eleventh Amendment shields the Department from claims for money damages under the ADA, *Bd. of Trs. of the Univ. of Ala. v. Garrett*, 531 U.S. 356, 360 (2001); the Department is not a person subject to suit under § 1981, *see Hearne v. Bd. of Educ. of the City of Chi.*, 185 F.3d 770, 776 (7th Cir. 1999); Nasserizafar has no claim under the Equal Pay Act because he does not allege a wage differential on account of his sex, *see* 29 U.S.C. § 206(d)(1); and § 242 does not create a private right of action, *see Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 511 (2d Cir. 1994); *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). The Title VII claim,

the court continued, founders because its premise that a former supervisor's anti-Iranian statement in 1990 influenced 23 years of performance reviews is implausible. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).

The district court acknowledged, however, that Nasserizafar might be able to add allegations implying that anti-Iranian animus had motivated adverse employment actions within the 300-day filing period, *see* 42 U.S.C. § 2000e–5(e)(1), and thus gave him three weeks to amend his complaint. Nasserizafar instead moved to reinstate his lawsuit and disqualify the district judge on the ground that his ruling evidences his prejudice. *See* 28 U.S.C. §§ 144, 455(a). Nasserizafar clarified that he had sued the Department because he never received a raise other than cost-of-living increases awarded to all state employees. He also added that other engineers, both male and female, received higher salaries and that his car had been vandalized in the Department's parking garage during the first Gulf War. The district court concluded that Nasserizafar simply disagreed with its rulings but had not shown a basis for recusal. The court denied the motion and entered final judgment for the Department.

On appeal Nasserizafar makes no argument concerning the ADA or § 1981 beyond a general assertion of error, so those claims are abandoned. *See* FED. R. APP. P. 28(a)(9)(A); *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001). And for the reason given by the district court, his claim under § 242 is frivolous. That leaves only Title VII and the Equal Pay Act. Nasserizafar principally repeats his contention that in his 23 years of employment he did not receive the performance ratings or pay raises he deserved. But he acknowledges that the Department ranks engineers according to the license they hold and limits unlicensed engineers to the lowest rank. Essentially he alleges that he did the same job as higher-ranking engineers and should have been paid commensurately.

Nasserizafar's allegations do not support a Title VII claim. Withholding a discretionary raise or bonus is not an adverse employment action, *Maclin v. SBC Ameritech*, 520 F.3d 781, 788 (7th Cir. 2008); *Rabinovitz v. Pena*, 89 F.3d 482, 488–89 (7th Cir. 1996), and Nasserizafar concedes that he received the raises to which he was entitled. He seeks to challenge his *satisfactory* performance reviews, but even a *negative* performance review generally is not an adverse employment action. *De la Rama v. Ill. Dep't of Human Servs.*, 541 F.3d 681, 686 (7th Cir. 2008); *Beamon v. Marshall & Ilsley Trust Co.*, 411 F.3d 854, 862 (7th Cir. 2005). His assertion that he was subjected to a hostile work environment is frivolous. The "nuke Iran" comment and the vandalism of his car

during the first Gulf War are too old to be actionable. *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 117–18 (2002); *Roney v. Ill. Dep't of Transp.*, 474 F.3d 455, 460 (7th Cir. 2007). And the two acts together do not constitute severe or pervasive harassment rising to the level of an abusive working environment. *See Scruggs v. Garst Seed Co.*, 587 F.3d 832, 841 (7th Cir. 2009); *Ezell v. Potter*, 400 F.3d 1041, 1047–48 (7th Cir. 2005); *Racicot v. Wal–Mart Stores, Inc.*, 414 F.3d 675, 677–78 (7th Cir. 2005). The district court gave Nasserizafar a chance to salvage his claim by elaborating on his theory of a hostile work environment, but he passed up that invitation and does not now assert that he had anything to add to his complaint.

Nasserizafar's claim under the Equal Pay Act is even weaker than his Title VII claim. He contends that the district court erroneously discounted his allegation that he was performing the same work but receiving less pay than all other engineers, both men and women. Yet Nasserizafar concedes that he was an *unlicensed* engineer and thus his pay was limited. What he does *not* assert is that his sex was the reason for his lower pay, and for that reason he has no claim under the Equal Pay Act. *See* 29 U.S.C. § 206(d); *King v. Acosta Sales & Mktg., Inc.*, 678 F.3d 470, 473 (7th Cir. 2012); *Tamayo*, 526 F.3d at 1085.

What remains is Nasserizafar's contention that the district judge should have recused himself. *See* 28 U.S.C. §§ 144, 455(a). The judge was prejudiced, says Nasserizafar, as shown by the dismissal of his suit and the judge's silence in response to Nasserizafar's accusation (framed as a question) that the Department tampered with his employment records during the EEOC investigation. But we cannot review his claim under § 455(a), *see United States v. Johnson*, 680 F.3d 966, 979–80 (7th Cir. 2012); *United States v. Diekemper*, 604 F.3d 345, 351 (7th Cir. 2010), and his claim under § 144 fails because the adverse rulings do not show personal prejudice, *see Liteky v. United States*, 510 U.S. 540, 555–56 (1994); *Tezak v. United States*, 256 F.3d 702, 716–18 (7th Cir. 2001).

AFFIRMED.