**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-2694
_____

VICTOR WALTHOUR,
                              Appellant

v.

CITY OF PHILADELPHIA; PNC BANK; JOHN W. HERRON; PAUL
FELDMAN; DEAN E. WEISGOLD; G. MICHAEL GREEN

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. Civil Action No. 2:21-cv-02779)
District Judge:  Honorable Gerald A. McHugh

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 2, 2022
Before:  GREENAWAY, Jr., PORTER, and NYGAARD, Circuit Judges

(Opinion filed: May 20, 2022)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Victor Walthour appeals pro se from the District Court's dismissal of his civil rights action filed pursuant to 42 U.S.C. § 1983.[1]  For the reasons that follow, we will affirm the District Court's judgment.

In June 2021, Walthour filed a complaint in the District Court, alleging that his "right to freely associate with any bank of [his] choosing" had been violated, Compl. at 3, apparently in the course of litigating prior state-court cases concerning his incapacitated wife.  The complaint named the following entities and individuals as defendants: (1) the City of Philadelphia; (2) two judges who had presided over certain state-court proceedings; (3) two private attorneys; and (4) PNC Bank, the trustee of Walthour's wife's estate.  Walthour had previously filed numerous actions in federal court over the last decade against various subsets of this group of defendants, seeking to challenge decisions that were made regarding his wife.

All defendants except for the City of Philadelphia moved to dismiss Walthour's claims against them for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  The District Court granted their motions, dismissing Walthour's claims against them with prejudice.  The District Court also put Walthour on notice that it would dismiss the remaining defendant (the City of Philadelphia) if he did not show cause why that

---

[1] To the extent that Walthour alternatively sought to proceed under 18 U.S.C. § 242, which is a criminal statute, he could not do so.  See, e.g., Robinson v. Overseas Military Sales Corp., 21 F.3d 502, 511 (2d Cir. 1994); Cok v. Cosentino, 876 F.2d 1, 2 (1st Cir. 1989) (per curiam).

defendant should not be dismissed under Rule 12(b)(6). The District Court's opinion accompanying its show-cause order observed that Walthour's complaint was "devoid of any factual allegations that directly implicate the City, and it is difficult to conceive of a theory of liability." Dist. Ct. Mem. entered Aug. 16, 2021, at 3 n.1. When Walthour did not respond by the show-cause deadline, the District Court dismissed the City of Philadelphia with prejudice. Walthour then timely appealed.[2]

We will affirm the District Court's dismissal of Walthour's complaint. Walthour's claims against the two state-court judges are barred by absolute judicial immunity. See Stump v. Sparkman, 435 U.S. 349, 355-57 (1978) (explaining that, absent circumstances that are not present here, judges are not civilly liable for judicial acts). Walthour cannot prevail on his claims against the two private attorneys and PNC Bank because he has not made allegations suggesting that these defendants acted under color of state law for purposes of § 1983. See Benn v. Universal Health Sys., Inc., 371 F.3d 165, 169-70 (3d Cir. 2004). And Walthour made no allegations in his complaint about the sole remaining defendant, the City of Philadelphia. He alleges in his appellate brief that one of the judges named as a defendant in this case was employed by the City of Philadelphia and thus the City of Philadelphia should be held liable for that judge's decisions. However, even if the City of Philadelphia had been that judge's employer — we need not explore

---

[2] We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. Our review is plenary. See Fowler v. UPMC Shadyside, 578 F.3d 203, 206 (3d Cir. 2009).

that issue — "a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978).

The District Court did not err by declining to grant Walthour leave to amend his complaint; amendment would be futile under the circumstances of this case. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). Although Walthour contests the dismissal of his claims, he has not provided any additional factual allegations that suggest that his claims should be allowed to proceed. Accordingly, we will affirm the judgment of the District Court.[3]

---

[3] After Walthour filed his appellate brief, Appellee PNC Bank filed a motion to dismiss this appeal (as to PNC Bank only) or, in the alternative, to be excused from filing a brief. PNC Bank subsequently filed a brief. PNC Bank's motion to dismiss this appeal in part is denied, and its request to be excused from filing a brief is denied as moot.