**Supreme Court**
No. 2024-61-Appeal.
(KC 23-631)

James Patti                    :

v.                              :

Patricia Murray-Rapoza.        :

**O R D E R**

The plaintiff, James Patti, who appears *pro se*, appeals from a Superior Court judgment in favor of the defendant, Patricia Murray-Rapoza, Esquire, following the grant of the defendant's motion to dismiss. This Court directed the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. After considering the parties' written and oral submissions and carefully reviewing the record, we conclude that cause has not been shown and that this case may be decided without further briefing or argument. For the reasons set forth herein, we affirm the judgment of the Superior Court.

On July 27, 2023, plaintiff filed the instant action for negligence and professional malpractice against Attorney Murray-Rapoza, who was a court-appointed guardian *ad litem* for plaintiff's minor children during his divorce action. The plaintiff alleges that, in her time as guardian *ad litem*, defendant lied in court, engaged in professional misconduct, acted with an abject bias in favor of the

children's mother, and failed to recuse herself from the case despite a conflict of interest with plaintiff over outstanding fees. The plaintiff seeks $4.5 million in damages. The defendant moved to dismiss plaintiff's complaint pursuant to Rule 12(b)(6) of the Superior Court Rules of Civil Procedure based on G.L. 1956 § 15-5-16.2(c)(1)(ix), which vests court-appointed guardians *ad litem* with quasi-judicial immunity for acts performed within the scope of their duties as the guardian. After a hearing, the Superior Court granted defendant's motion to dismiss with prejudice and entered final judgment in her favor. The plaintiff filed a timely notice of appeal on January 8, 2024.

Section 15-5-16.2(c)(1)(ix) provides that "[a] person serving as a guardian ad litem under this section acts as the court's agent and is entitled to quasi-judicial immunity for acts performed within the scope of the duties of the guardian ad litem[.]" In *Cok v. Cosentino*, 876 F.2d 1 (1st Cir. 1989) (per curiam), the United States Court of Appeals for the First Circuit recognized absolute immunity for court-appointed guardians *ad litem*, stating that such immunity "would fail to attach only when such persons perform acts which are clearly outside the scope of their jurisdiction." *Cok*, 876 F.2d at 3.

Before this Court, plaintiff argues that the statutory immunity should not apply because the alleged acts of perjury, extortion, child abuse, and conspiracy are

outside the scope of the guardian's duties.[1]  However, upon a careful review of plaintiff's complaint, it is clear that all of the allegations therein arise from purported actions taken by defendant while serving as an agent of the Family Court and fulfilling her duties as the guardian *ad litem*.  Indeed, the first paragraph of plaintiff's complaint states that he is bringing a civil claim against defendant for professional malpractice and negligence in her service as guardian *ad litem*.  This is precisely the type of litigation from which the General Assembly sought to immunize court-appointed guardians.  *See* § 15-5-16.2(c)(1)(ix); *see also Cok*, 876 F.2d at 3 ("[A]llegations of malice, or bad faith or, as here, a claim of conspiracy will not defeat the protection of derivative absolute immunity for actions taken pursuant to court orders.").  As such, defendant was acting within the scope of her duties as the guardian *ad litem* at all times relevant hereto and is therefore entitled to immunity.

For the foregoing reasons, we affirm the judgment of the Superior Court.  The record shall be returned to the Superior Court.

---

[1] Notably, plaintiff neglected to state claims for extortion, child abuse, or conspiracy in his complaint and thus has not given fair and adequate notice of any such allegations, as required by the pleadings standard. *See North Farm Home Owners Association, Inc. v. Bristol County Water Authority*, 315 A.3d 933, 946 (R.I. 2024) ("Due process requires that [plaintiff's] complaint give [defendant] 'fair and adequate notice of the type of claim being asserted[.]'") (quoting *Hyatt v. Village House Convalescent Home, Inc.*, 880 A.2d 821, 824 (R.I. 2005)).

Entered as an Order of this Court this 30th day of January, 2025.

By Order,

/s/ Meredith A. Benoit, Clerk
_____
Clerk



# STATE OF RHODE ISLAND

## SUPREME COURT – CLERK'S OFFICE
Licht Judicial Complex
250 Benefit Street
Providence, RI  02903

## ORDER COVER SHEET

| | | |
|---|---|---|
| **Title of Case** | James Patti v. Patricia Murray-Rapoza. | |
| **Case Number** | No. 2024-61-Appeal.<br>(KC 23-631) | |
| **Date Order Filed** | January 30, 2025 | |
| **Justices** | Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ. | |
| **Source of Appeal** | Kent County Superior Court | |
| **Judicial Officer from Lower Court** | Associate Justice Kevin F. McHugh | |
| **Attorney(s) on Appeal** | For Plaintiff:<br><br>James Patti, *Pro Se* | |
| | For Defendant:<br><br>Kurt A. Rocha, Esq. | |

SU-CMS-02B (revised November 2022)